J. H. DAVIS ET AL., Appellants, *v.* M. HILTON, Respondent.

### April 7, 1885.

1. **PRACTICE—OBJECTIONS.—**Objections to evidence will not avail on appeal, unless the grounds thereof were specified at the time the objections were made.

2. —— An appellant cannot complain of errors which are not prejudicial to his interests.

3. —— **EVIDENCE—SECONDARY.—**A foundation for secondary evidence must be laid, by showing inability to produce primary evidence of the fact.

4. —— **INSTRUCTIONS.—**A refusal to give instructions will not be reviewed on appeal where the record does not set out the instructions which were given.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Affirmed.*

W. B. THOMPSON, for the appellants.

M. HILTON, *pro se.*

ROMBAUER, J., delivered the opinion of the court.

The plaintiffs, stock brokers in New York, sue the defendant for a balance of $1,350, and interest, alleged to be due to them from defendant on stock transactions.

They aver that from September 30 to October 15, 1880, at the special instance and request of defendant, they paid out and expended for defendant in the purchase

and sale of stock $71,615.47, and received from defendant $70,265.47, leaving a balance due them from defendant of $1,350.00, which balance the defendant promised to pay to them. An account is filed with the petition which starts on September 30, 1880, with a credit balance of $69,861.44 in favor of defendant. This and an entry of $400, dividend on 200 shares N. Y. Central, and $4.03 for interest are the only items to the credit of defendant. He is debited in the account with sundry items on stock sales between October 4th and 5th, aggregating $65,650.00, with cash paid October 5th of $4,215.47, and with 3 per cent. dividend on St. Paul common sold short Sept. 24, of $1,750—aggregating together $71,615.47, and resulting in the debit balance of $1,350, which is sought to be recovered in this action.

The defendant's answer denied the allegations of the petition and account generally, and specially denied the following items in the account, namely: The charge of $1,750, for a dividend of 3½ per cent. on 500 shares of St. Paul common, and the charge that defendant was short on September 24, 500 shares on St. Paul common, and also denied the correctness of the balance of $1,350. The answer then set up a settlement had between the plaintiffs and defendant, October 5, 1880, and a mutual accounting between them touching all dealings mentioned in the petition, and the payment by plaintiffs to defendant of the sum of $4,215.47, in full settlement of the balance found due then from plaintiffs to defendant.

Upon a former trial of the cause the plaintiffs were non-suited in the trial court, but the judgment of non-suit was reversed in this court (13 Mo. App. 590), and the cause was remanded for a new trial. Upon the present trial the jury under the instructions of the court found a verdict for defendant, and all that we are called upon to review is the correctness of the ruling of the court in the admission and exclusion of testimony, and in the giving and refusing of instructions.

The testimony in the case is far from clear, owing to the fact that the witnesses assume that the triers of the

fact are familiar with the meaning of phrases used on the stock exchange, and that their testimony furnishes no explanation of such phrases. The following facts, however, seem to be conceded, namely : that the plaintiffs were acting as defendant's agents in the purchase and sale of stock, and that their agency in that regard was limited in each instance by defendant's instructions.

While the account sued on debits the defendant with a number of items, of all such debits there is substantially only one item in controversy. This item is the charge of $1,750.00, which plaintiffs claim to have paid for defendant on account of a 3½ per cent. dividend on 500 shares of St. Paul common stock. The explanation given by plaintiffs of this transaction is as follows : On the 24th of September, 1880, the defendant ordered plaintiffs to make a "short" sale of 500 shares of St. Paul common stock, and in order to make a delivery they were compelled to borrow the stock. That after September 30, 1880, this stock, sold on the stock exchange in New York "ex" dividend, off 3½ previously declared. This dividend the plaintiffs as the borrowers of the stock for defendant, were subsequently compelled to make good and pay to the persons from whom they had borrowed the stock.

That on October 4th and 5th the plaintiffs by order of defendant purchased for him 500 shares of St. Paul common, for the purpose of returning the stock thus borrowed, and subsequently paid to such persons the 3½ per centum dividend, amounting to $1,750.00.

It stands conceded that an account was rendered by plaintiffs to defendant September 30, 1880, containing this entry : " debtor 3½ per cent. div. on 500 St. Paul common, payable October 15th." Plaintiffs testified that defendant did not object to the account when rendered. Defendant testified that he did object and said he did not understand it, and that plaintiffs' agent told him he did not understand it either but would inquire into it. A few days after this conversation defendant ordered plaintiffs to close out all of his stock, which they

did on the 4th and 5th of October. On the 5th of October he called upon them for his account, and they rendered him an account in which this debit of $1,750.00 was omitted, as well as a credit of $400 to which plaintiffs say defendant is entitled. Defendant testified that when this account was rendered him by plaintiffs' agent the following conversation took place: "I said, I understand from this account that there are $4,215.47 coming to me after paying and satisfying all my liabilities and losses, is that true? He said yes. Said I, this settles everything? He said it did. I said, I get $4,215.47 in cash in place of my $12,000? He said, yes sir. I said, on that basis we will waive all the differences and I accept the money." The defendant thereupon took plaintiffs' check of $4,215.47 in settlement of the balance due him.

Objections were made by the plaintiffs to the admission of testimony upon the trial, but upon examination we find that all their objections were sustained by the court, excepting one or two, and that in these latter instances the ground of objection was not specified. This of itself debars the plaintiffs from having the action of the trial court in that regard reviewed here.—*Primm* v. *Raboteau*, 56 Mo. 407. Objections were also made by plaintiffs to the exclusion of testimony, but upon examination we find that these objections were not well taken, because the testimony excluded by the court consisted in every instance of secondary evidence of a fact, when no foundation was laid for its introduction by showing the inability of the parties to produce primary evidence of such fact.

The plaintiffs asked five instructions, all of which the court refused, but we are not in a position to review the correctness of the action of the court in this particular, because plaintiffs' bill of exceptions recites "that the court gave to the jury certain instructions asked for by plaintiff and modified," and these instructions are not preserved in the bill of exceptions. As every reasonable intendment must be made against the appellants, and in

favor of the validity of the action of the court, and its judgment, we must assume that the instructions thus given by the court were not only a proper declaration of the law applicable to the facts, but also that they covered all of plaintiffs' instructions which were free from objection.—*Greenabaum* v. *Millsaps*, 77 Mo. 474; *Doering* v. *Hornsby*, 12 Mo. App. 571.

This still leaves the following points for our consideration : First, whether there is any evidence to support the verdict; and next whether the instruction given on behalf of defendant and preserved in the record, and complained of by plaintiffs, is erroneous. It is needless to dwell at any length on the first of these propositions. The burden of proof was on plaintiff; there was a conflict of evidence, and the verdict was for defendant. This of itself would show that the objection was untenable. There was, moreover, evidence also to go to the jury on defendant's affirmative defence. If the instruction given by the court of its own motion, which is embodied in the record is construed as withdrawing that defence from the jury, then that instruction is open to criticism of being more favorable to plaintiffs than the evidence warranted.

The instruction given on behalf of defendant is as follows :

"The court instructs the jury that there is no evidence before them that a dividend had been declared on the St. Paul common stock prior to October 15, 1880, and hence there can be no recovery upon this item of the plaintiffs' account unless plaintiffs have shown to the satisfaction of the jury that with knowledge of his own liability for such dividends the defendant directed the plaintiffs to sell the stock for him, or afterwards ratified their action in the premises."

While some objection may be made to the phraseology of this instruction, we cannot see how the plaintiffs were prejudiced thereby. The liability of defendant for this item of expense can arise only from one of two causes. Either a dividend had been declared on the St. Paul

common stock at a time and under circumstances which would render the defendant liable to pay it to parties from whom the stock was borrowed. If so, the act of plaintiffs in paying it fell within the scope of their agency and was fully authorized. Or, no such dividend had been declared, and yet the plaintiffs under an erroneous impression that defendant was liable for the amount, paid it to the persons from whom the stock was borrowed. If so, their act was unauthorized, and defendant would become chargeable with the amount thus paid only if, with a full knowledge of all the facts, he had ratified it. Now the instruction properly declares that there was no evidence before the jury that a dividend had been declared, and then submits the question to them, whether, notwithstanding such facts, defendant should not be held on the theory of ratification of an authorized act with full knowledge of the facts.

It is needless for us to decide whether there was any evidence in the case on which the question of ratification could be properly submitted to the jury. Plaintiffs are in no position to complain because it was submitted. We find no error in the record and the judgment must be affirmed. It is so ordered. All the judges concur.