J. ELLIOTT, Defendant in Error, *v.* S. ROSENBERG, PLAINTIFF in Error.

17 667
62 461

### May 19, 1885.

1. PRACTICE—DEPOSITIONS—EXCEPTIONS.—Under a stipulation that certain depositions shall be subject to exceptions made on the margin thereof before delivery to the court, the exceptions must be so made in order to save for review the rulings of the court in admitting or rejecting such testimony.

2. —— INSTRUCTIONS.—Appellate courts will not review instructions where the record shows that other instructions not embodied in the record were given.

3. —— STIPULATIONS DEFINING ISSUES.—A stipulation defining what is the only issue to be tried will be deemed to be an abandonment of other issues made by the pleadings as to which no testimony is preserved in the record.

4. —— APPELLATE.—There being substantial evidence to support a verdict, in an action at law, the verdict will not be disturbed as being against the evidence.

ERROR to the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*
KRUM & JONAS, for the plaintiff in error.
W. C. MARSHALL, for the defendant in error.

ROMBAUER, J., delivered the opinion of the court.

This is an action to recover the amount due for goods sold and delivered by plaintiff to the firm of G. L. & S. B. Altheimer, of which firm defendant is charged to have been a general partner at the date of the sale. The cause was submitted to the court on the following stipulation, signed by counsel: "It is stipulated herein that the only issue to be contested is whether or not defendant, Rosenberg, is liable as a general partner in firm of G. L. & S. B. Altheimer, for the debt in suit; and if the court shall find that said Rosenberg is liable as general partner, then judgment shall be entered for plaintiff, as prayed in the petition." The testimony was all in depositions, and

the evidence thus taken submitted to the court by consent of parties, without reserving any objections whatever. The court found for plaintiff. The defendant appealing, complains, 1. That the court admitted illegal testimony against his objections. 2. That the court refused to give proper instructions asked by defendant. 3. That the finding is unsupported by the evidence.

I. The record fails to disclose that any testimony was admitted against defendant's objections. The cause was submitted on depositions taken, under a stipulation, that the depositions should be subject to exceptions made on margin before delivery to the court, but no such exceptions were made to any part of the testimony. There is, therefore, nothing in the record on that subject which we can now review. The presumption is that the court did not consider incompetent testimony in making its finding.

II. The defendant asked the court to give certain instructions, which the court refused to give. We are not at liberty to review the action of the court in refusing these instructions, because the record further shows that the court, of its own motion, gave certain instructions, and the instructions thus given by the court are not preserved in the record. As every reasonable intendment must be made against the appellant, and in favor of the validity of the action of the court, we are legally bound to assume that the instructions, given by the court of its own motion, were not only proper declarations of law applicable to the facts, but, further, that they may have covered the grounds properly embraced in the instructions asked by defendant.—*Greenabaum* v. *Millsaps*, 77 Mo. 474; *Davis* v. *Hilton*, *ante*, p. 319.

III. Under these circumstances, the only question which we are at liberty to examine is, whether there is any substantial evidence tending to support the finding of the court, that defendant, Rosenberg, was a general partner. We have examined the record with that view, and find that there was such evidence.

Subsequent to the institution of the suit, certain property of defendant was attached. He filed his plea in abatement on the 16th day of June, 1880. The stipulation on which the cause was tried was filed on the 7th day of March, 1881. That stipulation expressly recites that "the only issue to be contested is whether or not defendant, Rosenberg, is liable as a general partner in firm of G. L. & S. B. Altheimer, for the debt in suit." The cause was thereupon immediately submitted to the court on testimony to be taken, although not submitted for final decision until the 5th day of May, 1884. The record fails to disclose that any testimony was offered separately on the issue raised by the plea in abatement; in fact, there is no testimony in the record which has any bearing on the grounds of attachment. The stipulation filed, and on which the cause was tried, certainly admits of the construction that the grounds of attachment were not to be contested. The trial court evidently took that view of the stipulation, and the defendant should not now be heard to complain that the finding of the court, on the plea of abatement, was unwarranted by the testimony. All the judges concurring, the judgment is affirmed.