Andrew J. Wilkerson, Respondent, v. Corrigan ,Consolidated Street Railway Company, Appellant.

Kansas City Court of Appeals, May 5, 1887.

1. Practice—Instructions—Bill of Exceptions, Not Preserving All.—Where the bill of exceptions shows (as in this case) that the court *gave* instructions in behalf of the plaintiff, which are not preserved in the bill of exceptions, the presumption is to be indulged, in favor of the action of the court in *refusing* instructions asked by defendant, that those given for plaintiff properly presented the whole law of the case.

2. ———— Passenger on Cars—Rule as to Burden of Proof in Case of Injury, Etc.—When a *passenger* on a car, in a suit against a railroad, shows that fact, and that he was injured by a miscarriage or collision, without *fault on his part*, he makes out a *prima facie* case ; and the *onus* is then devolved upon the carrier to relieve itself from liability therefor, by proof showing that the injury was the result of an accident, which the utmost diligence, skill, and foresight, on its part, could not avert.

3. ———— Demurrer to Evidence, Effect of.—A demurrer to the evidence admits every fact testified to by the witnesses, and every inference which the jury may, with propriety, make, from all the facts and circumstances in evidence.

4. ———— Weight of Evidence—Province of Jury—Rule in Appellate Court.—The jury must be allowed to pass on the credibility of the witnesses and the weight of the testimony. And unless the weight of evidence so preponderates in favor of the party complaining as to justify this court in saying that the verdict evinces such passion or prejudice as to *entitle* the party to a new trial, it will not overrule the discretion of the trial court in refusing to grant it.

Appeal from Jackson Circuit Court, Hon. Turner A. Gill, Judge.

*Affirmed.*

The case and facts are stated in the opinion of the court.

JOHN C. TARSNEY, for the appellant.

I. The *demurrer* submitted at the close of plaintiff's evidence should have been sustained by the court below. There was *no evidence* submitted by the plaintiff of *negligence* on the part of the defendant. The mere fact that an accident and injury concurred *does not prove negligence.* *Ward v. Andrews,* 3 Mo. App. 275 ; *Nolan v. Shickle,* 3 Mo. App. 300 ; *Harvey v. Railroad,* 6 Mo. App. 585. Common carriers of passengers *are not insurers* of the lives and limbs of their passengers. They are only bound to the exercise of the *utmost care and diligence* of very prudent and careful persons, engaged in like business and under like circumstances. Story on Bailments, sects. 601, 602 ; *Sawyer v. Railroad,* 37 Mo. 240 ; *Lemon v. Chanslor et al.,* 68 Mo. 340 ; *Gillson v. Railroad,* 76 Mo. 287. Some *slight neglect on the part of defendant,* or its driver, should have been shown, to warrant the court in submitting the cause to the jury. *Gillson v. Railroad,* 76 Mo. 287.

II. Whether more than one employe was necessary to operate the cars was a question of fact, to be proved by the plaintiff, as any other fact in the case. The court could not take judicial knowledge of how many employes were necessary to operate a car, and it was error for it to submit that question of fact, without evidence, to a jury, some of whom, perhaps, had never seen a car.

III. The demurrer to plaintiff's evidence, and the instructions asked by defendant at the close of the testimony, should have been given; because, in this case, there was no conflict in the evidence, as to the facts. In such case, the question, whether they amount to negligence, is one of law, for the court. *Norton v. Ittner,* 56 Mo. 351 ; *Owens v. Railroad,* 58 Mo. 386 ; *Fletcher v. Railroad,* 64 Mo. 484 ; *Stoddard v. Railroad,* 65 Mo. 514 ; *Stillson v. Railroad,* 67 Mo. 671 ; *Goodwin v. Railroad,* 75 Mo. 73. The fifth instruction asked by defend-

146 26 MISSOURI APPEAL REPORTS.

ant, and refused by the court, should have been given. It certainly states the law applicable to the facts of this case. *Gillson v. Railroad*, 76 Mo. 287; *Nayle v. Railroad*, 75 Mo. 653. It was error for the court to refuse the sixth and seventh instructions asked by defendant, if *cause*, as well as *effect*, be still an element of the doctrine of negligence. Unless the rule, that the alleged negligent acts must be the proximate cause of the injury complained of, has been eliminated from the law of negligence, then these instructions should have been given. It is not sufficient to show a negligent act on the part of the defendant, and an injury to the plaintiff. The damage must be shown to be the *result* of the negligence. *Stoneman v. Railroad*, 58 Mo. 503; *Holman v. Railroad*, 62 Mo. 562.

IV. Where the plaintiff alleges a *specific act of negligence* as the ground of his action, there can be no recovery for *any other act*. Certainly he should not be permitted to recover for another act, which was not shown to result from the negligence of defendant, and which could not have been prevented *by any degree of foresight* on the part of defendant. *Waldhier v. Railroad*, 71 Mo. 514; *Price v. Railroad*, 72 Mo. 414. In this case, the acts of negligence complained of are, that the defendant *failed to employ more than one employe to operate the car*, and the acts of the driver, in operating the same, and, although the evidence, without any conflict therein, shows that plaintiff's injury resulted solely from the breaking of a brake on the car, and was not influenced by any act of the driver, and could not have been prevented or influenced by the acts of any number of employes who might have been on the car, yet the court refused to declare, as matter of law, by defendant's ninth instruction, what was the immediate and proximate cause of the injury, or to submit that question to the jury by the sixth and seventh instructions, as above.

V. The court should have declared as matter of law

what was the immediate and proximate cause of such injuries.

A. COMINGO, CHAS. S. CRYSLER and GATES & WALLACE, for the respondent.

I. The *instructions*, given for the respondent, *not being preserved in its bill of exceptions*, this court can not inquire into the correctness of the action of the trial court in refusing instructions asked by appellant. See *Greenabaum v. Millsaps*, 77 Mo. 474; *Davis v. Hilton*, 17 Mo. App. 319; *Elliott v. Rosenberg*, 17 Mo. App. 667.

II. The *negligence*, charged in plaintiff's petition, is, that "the defendant's employe, who had charge of said car, and drove the team attached thereto, carelessly and negligently left said team, without stopping the same, and with no one to hold, drive, or take charge of the same, and came into said car to collect fares from the passengers therein." And that plaintiff's injuries were occasioned "by reason of the defendant's said employe carelessly and negligently leaving said team with no one to drive, hold, or manage the same, thereby allowing them to run away, and throwing plaintiff from said car." *This is amply supported by the evidence.* See *Saare v. Railroad*, 20 Mo. App. 211; *Dougherty v. Railroad*, 81 Mo. 325; s. c., 9 Mo. App. 478; *Hunt v. Railroad*, 14 Mo. App. 160; *Fortune v. Railroad*, 10 Mo. App. 252.

III. The injury having been occasioned by the negligence of the driver, in leaving the team at the time, in the manner, and under the circumstances he did, whereby they got beyond his control, the mere possibility that if the brake in appellant's car had been in proper condition, the driver might have checked the rush of the car when he did return to the team, does not excuse his negligence, in the first instance, in leaving and neglecting them. That was the *proximate* cause of the injury. See the *Lords' Bailiff Jurat of Romney Mash v. The*

*Corporation of Trinity House,* L. R. 5 Ex. Ch. 204; *Hunt v. Town of Pownall,* 9 Vt. 411; *Allen v. Hancock,* 16 Vt. 230; *Winship v. Enfield,* 42 N. H. 214; *McDonald v. Snelling,* 14 Allen, 290; *Vanderberg v. Troax,* 4 Denio, 464; *Davis v. Garnett,* 6 Bing. 716; *Bassell v. City of St. Joseph,* 53 Mo. 290; *Welch v. Railroad,* 81 Mo. 466; *Werner v. Railroad,* 81 Mo. 368; 2 Thompson on Negligence, p. 1085, and authorities there cited; *Schmitt v. Railroad,* 83 Ill. 405.

IV.  The instructions asked, and given, on behalf of the respondent, not being preserved in the bill of exceptions, and, therefore, this court presuming that the law was properly declared by the trial court, the only question in this court is, whether *there is any evidence to sustain the verdict.*

V.  The bill of exceptions, not purporting to set out *all the evidence,* this court cannot consider the question, whether there was any evidence to support the verdict or not.

PER CURIAM.—This is an action to recover damages for personal injury alleged to have been sustained by plaintiff, while a passenger on one of defendant's street cars, in Kansas City.  The material portions of the petition are as follows:

"That it is, and was, the duty of the defendant to furnish good and safe cars, and teams, and a sufficient number of competent employes to carry, in safety, all persons who are received by it as passengers on the said street railroad; that, in order to operate said cars, in safety, one employe was not sufficient to drive and manage the team attached thereto, and, also, to collect the fares from the passengers; that, on the car in which plaintiff was a passenger, as aforesaid, the defendant had negligently and carelessly failed to furnish more than one employe to manage and drive the team and to collect the fares from the passengers; that, when said car had reached the brow of a steep hill, on Bluff street,

in said City of Kansas, the defendant's employe, who had charge of said car, and drove the team attached thereto, carelessly and negligently left said team, without stopping the same, and with no one to hold, drive, or take charge of the same, and came into said car to collect fares from the passengers therein ; that, thereupon, said team ran away, along and down said Bluff street, in said city, causing said car to leave its track and to collide with a bridge, over which said street passes, and, thereby, plaintiff, without any fault on his part, was thrown from said car, and upon the ground with great violence, by means of which plaintiff's left arm was broken, his spine and back hurt, and he was otherwise greatly maimed and permanently injured.

"Plaintiff says that his said injuries were occasioned by the defendant's carelessness and neglect in not furnishing a sufficient number of employes in and about said car and teams to operate the same in safety, and by reason of the defendant's said employe carelessly and negligently leaving said team with no one to drive, hold or manage the same, thereby allowing them to run away, and throwing plaintiff from said car, as above stated."

The answer tendered the general issue.  Verdict for the plaintiff for the sum of two thousand dollars.  Defendant has appealed.

We are precluded from reviewing the imputed error, which we were led to regard as the troublesome question in this case, from the course of the oral argument made at this bar, arising on the action of the trial court, in refusing certain instructions asked by the defendant. The bill of exceptions shows that the court gave several instructions, on behalf of the plaintiff, which are not preserved in the bill of exceptions.  The presumption, in such case, is to be indulged in favor of the action of the court in refusing instructions asked by the appellant, that those given for the respondent properly presented the whole law of the case ; and for aught that

appears, those refused were rejected for the very reason that, in so far as they contained a correct exposition of law, the same principles were announced in those given for the respondent. *Greenabaum v. Millsaps*, 77 Mo. 474; *Birney v. Sharp*, 78 Mo. 73; *Davis v. Hilton*, 17 Mo. App. 319; *Elliott v. Rosenberg*, 17 Mo. App. 667.

On this state of the record, the only question left for determination is, was there sufficient evidence to support the verdict? It may be conceded to appellant, that the negligence charged in the petition, as the basis of its liability, is, that it was essential to the safe and proper management of the car that more than one employe or servant, on said car, while running, was necessary to drive and manage the team, and to collect the fares from passengers; and that, defendant failed in its duty in this respect; and that having only one such employe on the car in question, to perform this double work, the driver, "carelessly and negligently left said team, without stopping the same, with no one to drive, hold, or take charge of the same," while he entered the car to collect such fares; and that the injury resulted from this cause.

The contention of defendant is, that the evidence showed that the injury actually resulted from the fact that the brake on the car, by which the car was checked and stopped, suddenly and unexpectedly got out of repair, and was broken, without which the injury would not have occurred; and, therefore, the action must fail, because there was no immediate connection between the imputed act of negligence and the resultant injury.

The proposition of law is correct, and the demurrer to plaintiff's evidence should have been sustained, if the proof was as contended for by defendant's counsel. The plaintiff's evidence tended to show substantially the following state of facts: The railway ran on Fifth street from east to west, going to the union depot and beyond. From the Lindell Hotel west to Broadway street, the inclination of the grade is about three feet in one hundred.

The plaintiff took passage east of the Lindell Hotel. At Broadway the car stopped to take on passengers. Everything seemed to be in order about the car at that point and time. From Broadway to Bluff street there is an inclination of about six or more inches in the hundred feet. From Bluff street to the bridge, where the accident occurred, the grade is much steeper. The car was what is known as "a single ender," or "bob-tail car," and was only about ten or fifteen feet in length. In front, where the driver stands, is the boot; in the rear, where the passengers enter, there was only a door, and a step from the door to the ground. There was but one employe on the car to drive and collect fares. After the car left Broadway, the team, consisting of two mules, was put into a trot. The driver was not seen to set the brake, but throwing the lines over the brake, he entered the car and began collecting fares. As if conscious of the fact that the team would need attention in his absence, he spoke to a passenger near the front of the car to go out and look after the team. This passenger informed him that he was not the driver. The speed of the team seemed to increase to such a rate that this passenger spoke to the driver, saying he had better look after the mules. Thereupon, the driver asked another passenger to go out and attend to them. This the passenger did. The rate of speed, then, was such that this volunteer driver laid hold of the brake and began to turn it, so as to check the car; but the brake apparently, to the witness, did not act properly. It turned round and round without catching. The volunteer driver then tried to hold the mules back; but they threw up their heads, indicating that the weight of the car was such that they could not stop it. By this time, the witness stated, the speed of the car had increased to about ten or twelve miles an hour; and he became so alarmed, that he again called on the driver inside to look after the team; but the driver did not go out until the mules were in a run. The car was then nearing Bluff street, where there is a

sharp curve from Fifth to Bluff street. The brake was disabled, so that it afforded no assistance in the driver's efforts to check the car, nor could the mules hold back the car. The result was, that the car in its rapid run crowded the mules from the track, and the car collided with the bridge, shivering all the glass in the car ; and from this collision the plaintiff received serious injury.

I.  It is true, as suggested by appellant's counsel, that plaintiff introduced no evidence as to the existence of any usage or custom of such roads to keep more than one employe on such cars. Equally true is it, that, at the close of plaintiff's evidence, there was no evidence to show the necessity of the driver entering the car, as and when he did to collect fares. From the driver's performing this office, it might be reasonably inferred that there was no other recognized means provided by the company for securing the fares. It is equally inferable that if, in performing the duty, as the driver did, while his car was in motion, the hazard to his passengers, whose lives and limbs were intrusted to the highest exercise of skill and vigilance on his part, was increased, his desertion of his team was an act of culpable negligence. Unless it can be maintained that, on account of the peculiar averments of the petition, taking the case out of the operation of the general rule, the plaintiff, when he showed he was a passenger on defendant's car, and that he was injured by the miscarriage, or collision, without fault on his part, had made out a *prima facie* case, the *onus* then devolved on the carrier to relieve itself from liability therefor, by proof showing that the injury was the result of an accident, which the utmost diligence, skill, and foresight on its part could not avert. *Lemon v. Chanslor*, 68 Mo. 341 ; *Hipsley v. Railroad*, 88 Mo. 348.

But conceding to the defendant, that it devolved on the plaintiff to maintain the allegations of the petition as to the particular character of negligence imputed to it, the evidence was, that the driver did leave his team,

going at a smart pace, without having set the brake; and, after entering the car to collect fares, from some cause or other, he requested a passenger to look after his team. By this request, which he repeated to another passenger, he certainly recognized the importance of having the team watched at that place and time. The driver, as conductor and manager of the car, was *pro hac vice* the company. *Bass v. Railroad*, 36 Wis. 463; *Randolph v. Railroad*, 18 Mo. App. 609. From his conduct, in thus requesting passengers to care for the team while he was engaged inside of the car, the jury might not unreasonably infer that he apprehended the place was not safe to leave the team unattended, and that the car was liable to become unmanageable. The sequel proved that there was an imminent necessity for his presence at the reins as driver.

It is contended by counsel for appellant, however, that, notwithstanding the driver, owing to having to perform a double duty, was not in charge of the team, that office was being performed for him by the passenger, who did all the driver could have done had he been at his post; and that the accident was wholly attributable to the brake becoming disabled, which was the direct and primary cause of the injury.

The defendant had the benefit of the proposition of law contained in the latter contention, for the court, at its instance, gave the following instruction:

"4. Before the jury can find for the plaintiff in this action they must believe, from a preponderance of the evidence, that the plaintiff was injured as alleged in the petition, and that such injury was the direct result of the negligence of the agent or employe of defendant, and not the result of there being a defective brake on the car upon which plaintiff was a passenger."

For aught the jury knew, the volunteer driver, from inexperience, may have broken the brake in his manner of handling it, which would not have occurred, probably, had defendant's driver had it in hand. But the ques-

tion remains, was it unreasonable for the jury to infer, notwithstanding the disabled condition of the brake, that, had the driver been at his post, or even gone there when first notified by the passenger of the imminent necessity, he might not have so managed the team as to have averted the accident? In answer to defendant's cross-examination, the witness stated that he thought "the team could stop a car on Fifth street between Broadway and Bluff streets, unless it was under very rapid headway, without a brake." The driver might well be presumed to be more familiar with his team, and its management, in such an emergency, than an entire stranger. On such a grade as that, only from six inches to a foot in the one hundred feet, it would require no expert testimony to authorize a jury, of average intelligence, to infer that, without a brake, a competent driver might have so managed his team, if taken in time, and going at a safe rate of speed, as to derail, or otherwise check the car before it made the curve and started down the abrupt incline on Bluff street. At all events these were matters for the defendant to make clear to the jury, and it was for it to rebut by evidence any reasonable inference the jury might draw from the facts and circumstances before it. A demurrer to the evidence admits every fact testified to by the witnesses, and every inference which the jury may, with propriety, make from all the facts and circumstances in evidence. *Noeninger v. Vogt*, 88 Mo. 589. The court may not, in such case, apply rigorously its own method of reasoning, which may, or may not, be more logical or analytical than that of the juror. The bench must have a care that it keep from usurping the duties and functions of the jury box.

The whole conduct of the driver in leaving his team, and persisting in staying in the car collecting fares and making change with the passengers, while and after he was notified by a passenger of the importance of his going to his team, on account of the unusual rapidity

with which they were moving, and especially in view of the fact that he was conscious of the near approach to Bluff street, where the incline was dangerously abrupt, gave strong ground for the jury to find culpable negligence as to the management of the car by defendant. It was true the driver seems to have put forth every effort to save his passengers after he reached the driver's post; but it was for the jury to say, whether or not, had that effort been timely made, it would have been effectual to avert the great misfortune to one of the passengers, intrusted to his vigilance and highest care. It is true that defendant's evidence was highly exculpatory, and tended strongly to show that the accident was probably traceable to the brake becoming suddenly and unexpectedly disabled. But when the plaintiff had made out a case which entitled him to have the conclusion of the jury drawn therefrom, limited by the allegations of the petition, although the defendant's evidence may rebut it by the greater weight, the court cannot take the case from the jury by an instruction. The jury must then be allowed to pass on the credibility of the witnesses and the weight of the testimony. *Hipsley v. Railroad*, 88 Mo. 348.

The weight of the evidence did not so much preponderate, in favor of the defendant, as to justify us in saying that the verdict evinces such passion or prejudice as to warrant us in overruling the discretion of the trial court in denying the motion for a new trial. It follows that the judgment must be affirmed.