JOHN C. GUINN, Respondent, v. JACOB BOAS, *et al.*, Appellants.

### Kansas City Court of Appeals, May 10, 1888.

PRACTICE—RULES OF COURT ESSENTIAL—RULE FIFTEEN OF THIS COURT—ASSIGNMENTS OF ERROR—REQUIREMENTS FROM ONE MAKING.—The rules of this court were made pursuant to authority conferred upon it by statute and the common law. They are essential to the orderly and prompt disposition of all causes in court. Rule fifteen has repeatedly been construed and enforced in published opinions of the court. He who assigns error must make that error apparent; he who wishes to reverse anything done by the court below must show it to be wrong. *Held*, that the record in this case fails to show any reversible error.

APPEAL from Jasper Circuit Court, HON. M. G. MCGREGOR, Judge.

*Affirmed.*

The case is stated in the opinion.

HAUGHAWONT & GRAY, for the appellant.

The point that the appeal should be dismissed for the failure to set out all the evidence in our brief and abstract of the record is not well taken. We understand the only object of this rule is, that in case respondent files no brief then this court will not have to go to the transcript and look over a lot of non-essential matter

to obtain the desired information. Appellants' statement and abstract of the record sets out *in haec verba,* all the evidence of any ratification as required by law, that was introduced in evidence, and were it not for the incorrect and misleading statements made in respondent's brief it would not be necessary for the court to go to the transcript to reverse this judgment. We could, in this reply, set out the evidence complained of in respondent's brief, but as we differ so materially as to what the evidence is, it will be necessary for the court to examine the transcript.

PHELPS & BROWN, for the respondent.

I.   Defendants' appeal should be dismissed, because appellants have failed to comply with rule fifteen of this court, which requires that every part of the transcript relied upon as error, and all that is necessary to show it such, must be printed in the abstract. When no point is made on the sufficiency of the evidence, it will be enough to set forth its tendency. But when the sufficiency of the evidence is questioned, so much of the transcript as contains all of the evidence on that question must be set out in the transcript *in haec verba.* *Goodson v. Railroad,* 23 Mo. App. 73; *Hausmann v. Hope,* 20 Mo. App. 173.

II.   The controlling question in this case, and the only point made by appellants, is, that the evidence was not sufficient to show a ratification by defendant on attaining majority of his note made during his minority. The appellants should have set out in their abstract *in haec verba* so much of the transcript as contained all the evidence on that question. Such evidence is of vital importance in determining whether or not the action of the trial court in refusing to sustain defendants' demurrer to the testimony was warranted ; and yet appellants' counsel have not deemed it of sufficient importance to set out in their abstract the evidence.

III.   The court will not go to the transcript to ascertain what the evidence tended to show, when, as in this

case, not even the substance of it is set out in the abstract; in such case, every reasonable intendment is to be indulged in favor of the correctness of the judgment of the trial court. *Hausmann v. Hope*, 20 Mo. App. 193. Had the appellants set forth the evidence as contained in the transcript, it would have disclosed the fact that the note in controversy was given, and that appellant arrived at majority and fully ratified and affirmed said note, long before the passage of the law of 1879 requiring the ratification to be in writing, and that, before the commencement of this action, the appellant wrote plaintiff a letter admitting his liability on said note and agreeing to pay the same, and further, that the question of ratification in writing was not raised on the trial in the court below. A party will not be permitted to try a case on one theory in the trial court, and, after having lost, insist upon a reversal here on the ground that the instructions given did not comport with a theory on which the case was not tried. *Bank v. Armstrong*, 62 Mo. 65; *Bank v. Armstrong*, 92 Mo. 265.

PHILIPS, P. J.—The rules of this court were made pursuant to authority conferred upon us by statute and the common law. They are essential to the orderly and prompt disposition of causes in court. They are published conspicuously in each volume of the reports. Rule fifteen has repeatedly been construed and enforced in published opinions of the court. So that no reasonable excuse can exist for its nonobservance by attorneys bringing causes here for review; and no just criticism can be made by parties of the action of the court in again respecting its rules, whereby a litigant may have his appeal sent out of court without having the errors complained of reviewed and determined.

It is claimed, for instance, by appellants that this action, being founded on the contract of a minor defendant, he could only be bound on proof of a ratification after he attained his majority. The appellants claim

that there was no sufficient evidence of this fact; while the respondent insists there was. And yet the evidence, nor the substance thereof, in its entirety, bearing on this issue is not set out in the abstract. He who assigns error must make that error apparent; as "that which the court did is to be taken to be right, till the contrary appears; this is the rule, he who wishes to reverse anything done by the court below, must show it to be wrong." *Foster v. Nowlin*, 4 Mo. 23. For aught we know, from the printed matter furnished us by the appellants, the evidence on this issue may have been amply sufficient to support the verdict, and so much so as to warrant us in saying that the verdict and judgment were so manifestly for the right party as to forgive any technical errors committed by the court in the progress of the trial.

We cannot, on a mere issue of fact, accept the deductions made by counsel from the evidence; but we must have the whole of the evidence bearing on such issue, as preserved in the bill of exceptions. Criticism is made of the action of the court in passing on certain instructions, without setting out all the instructions given. For aught we know from anything furnished us in the printed paper by appellants, the law may have been properly declared in the series of instructions given. *Wilkerson v. Railroad*, 26 Mo. App. 149, 150. Nor could we safely determine the propriety and correctness of any instruction as applied to a question of fact without knowing the state of the proofs in detail.

It follows that the judgment must be affirmed, as we fail to find any reversible error in this record. All concur.