William J. Babb, Respondent, v. The Curators of the University of the State of Missouri, Appellants.

Kansas City Court of Appeals, March 31, 1890.

1. Appellate Practice: OBJECTIONS TO EVIDENCE WHEN CONSIDERED. The grounds of objection to the admission of evidence must be pointed out at the trial—must be distinctly specified—or they will not be noticed by the appellate court.

2. Nuisance : DAMAGES TO THE INHERITANCE : LOSS OF RENTS. In an action to recover damages for the creation of a nuisance where the evidence tended to show that the injury to plaintiff's premises were such that they did not stop with the existence of a nuisance, but effected a permanent injury to the value thereof, it is not error to instruct the jury, in estimating plaintiff's damage, any permanent depreciation in the value of his real estate occasioned by the nuisance might be considered.

*Appeal from the Boone Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

AFFIRMED.

*C. B. Sebastian,* for the appellants.

( 1 )  The issue joined in the cause by the pleadings was whether or not defendants were liable for the damage alleged to have been done plaintiff by the use of a sewer put in on the University grounds from the privies in the west end of the University building to a branch or ravine near Sixth street, and the evidence should have been confined to that issue.  *Kuhn v. Weil,* 73 Mo. 213 ; *State to use v. Roberts,* 62 Mo. 388 ; *Belch v. Railroad,* 18 Mo. App. 80–85 ; *Kennedy v. Holladay,* 25 Mo. App. 514 ; *Williams v. Iron Co.,* 30 Mo. App. 662 ; *Pinney v. Berry,* 61 Mo. 359 ; *Van Hoosier v. Railroad,* 70 Mo. 145 ; *Dickson v. Railroad,* 71 Mo. 575.  ( 2 )  The court further erred in giving and reading to the jury instructions numbers 1, 2 and 3, at the instance of plaintiff which are as follows :  The principal objection to number 1 is to the words in italics, " or permanently depreciated in value."  *Williams v. Iron Co.,* 30 Mo. App. 662 ; *Pinney v. Berry,* 61 Mo. 359 ; *Givens v. Van Studdiford,* 86 Mo. 149.

*Turner & H. B. Babb,* for the respondent.

( 1 )  The court did not err in permitting the witnesses Babb, Lonsdale, Edwards, Lowry and Douglass to testify that the discharge from the sewer was washed, with the surface drainage, from the end of the sewer through several culverts, upon the respondent's premises.  Such evidence was confined to the issues.  R. S. 1879, sec. 3565 ; *Olmstead v. Smith,* 87 Mo. 602 ; *Bank v. Wills,* 75 Mo. 275 ; *Shelton v. Durham,* 76 Mo.

434; *Meyer v. Chambers*, 68 Mo. 626; *Fischer v. Max*, 49 Mo. 404. (2) There was no objection whatever made by appellant, at the trial, to the evidence complained of, and no exception saved. The objection is, therefore, too late in the appellate court. *Wayne Co. v. Railroad*, 66 Mo. 77; *Naughton v. Stagg*, 4 Mo. App. 271. (3) Although the use of the sewer was discontinued in May, 1888, it was necessary for the jury to know the condition of the sewer, and the rental value of the property thereafter, to enable the jury to find the amount of damage which would be a compensation to plaintiff commensurate with his losses or injury. Sutherland on Damages [1 Ed.] p. 17; *Railroad v. Grahill*, 50 Illinois, 241; *Givens v. Van Studdiford*, 4 Mo. App. 498. (4) Because, at the trial, no specific objection thereto was made or specific exception saved by the appellant. *Lohart v. Buchanan*, 50 Mo. 201; *Bauer v. Franklin County*, 51 Mo. 205; *Rhorer v. Brockhage*, 15 Mo. App. 17; *Davis v. Hilton*, 17 Mo. App. 319; *Allen v. Mansfield*, 82 Mo. 688; Sutherland on Damages [1 Ed.] p. 17. (5) The case was tried on the proper theory, and the court did not err in giving instructions. The universal and cardinal principle is that the person injured shall receive a compensation commensurate with his loss or injury. 3 Sutherland on Damages [1 Ed. ] p. 415–416. The plaintiff had a right to all the damages flowing directly from the tort of defendant. *Seeby v. Alden*, 61 Pa. St. 302; *Givens v Van Studdiford*, 4 Mo. App. 498 and 72 Mo. 129. (6) Having tried the case throughout on one theory the appellant cannot ask that it be reviewed in the appellate court on a different theory. *Nance v. Metcalf*, 19 Mo. App. 183; *Whetstone v. Shaw*, 70 Mo. 575; *Walker v. Owen*, 79 Mo. 568; *Corn v. City of Cameron*, 19 Mo. App. 573; *Bank v. Armstrong*, 62 Mo. 59; *Fell v. Mining Co.* 23 Mo. App. 216. If there was any error in the instructions given for the respondent, by the trial

court, such error was waived by the appellant.    *McGoni-gle v. Dougherty*, 71 Mo. 259 ; *Holmes v. Braidwood*, 82 Mo. 610 ; *Thorpe v. Railroad*, 89 Mo. 650.

GILL, J.—Plaintiff, the owner of a building and grounds adjoining the University site at Columbia, prosecutes this action against the college corporation to recover damages for the creation of a nuisance on his premises.    On a trial in the circuit court plaintiff had a verdict and judgment for. nine hundred and fifty-eight dollars and defendant has appealed.

The evidence adduced tends to establish the substance of the petition, the material portions of which read as follows :    For his cause of action against the defendant, the plaintiff states that he is now, and since and prior to the year .1886, has been, the owner of a dwelling house and real estate adjacent to defendant's campus or college grounds, situated in the town of Columbia, in said county of Boone, and state of Missouri.    That upon defendant's said campus are located its buildings for educational purposes, which said buildings are during the school session of each year occupied by more than five hundred persons.    Plaintiff further states that, in the year 1886 the defendant constructed to be used, and thenceforth they were used, in connection with said building and by persons so occupying the same as aforesaid, certain privies and a sewer leading therefrom ; that, through said sewer, the filthy contents of the vaults of said privies, and other garbage and offensive matter from defendant's said premises, have ever since been discharged near plaintiff's said premises into a small hollow or ravine, and thence have been washed or carried with the surface drainage, from defendant's said premises, through and across and upon the premises of the plaintiff.    Plaintiff further states that by reason of the discharge of the filthy contents of the vaults of said privies and other garbage and offensive matter from defendant's said premises, near and upon the premises

of the plaintiff, as aforesaid, filthy percolations there-from have entered plaintiff's well; and divers noxious and offensive smells and gases, and infectious germs likely to produce human disease, arising therefrom, have infected the air upon plaintiff's said premises, and have entered into said dwelling house making the occupation of the same uncomfortable, and making the tenants thereof fatally or seriously sick; by reason whereof, and by reason of constant apprehension of sickness produced by the causes aforesaid the plaintiff's said premises and dwelling house were rendered untenantable, and have been unoccupied for a long space of time, and the value of plaintiff's property has been greatly depreciated, wherefore plaintiff says that, by reason of the premises, he has been damaged in the sum of two thousand dollars, for which he asks judgment.

I. A large portion of defendant's brief and printed argument is devoted to alleged errors of the trial court in admitting certain evidence offered by the plaintiff. From the examination of the record we find that the defendant is not entitled to be heard on these various questions of evidence. In most cases the record shows no exceptions saved, and in others it is only stated that "to this evidence defendant objected, objection over-ruled and defendant excepted." No grounds of objection are named in any instance? It is well understood that such general objections will not avail the appellant. The grounds of objection must be pointed out at the trial—must be distinctly specified—or they will not be noticed by this court. *Davis v. Hilton*, 17 Mo. App. 319; *Allen v. Mansfield*, 82 Mo. 688.

II. The only remaining errors complained of, which deserve to be noticed, relate to the court's instructions to the jury. The point made is, that the court erred in directing the jury as to the measure of damages. Without burdening this opinion with a quotation of the instructions, it is sufficient to say that the circuit court

instructed the jury that, if they found for the plaintiff, in estimating his damages, *any permanent depreciation in the value of plaintiff's real estate*, occasioned by the discharge of the sewer thereon, might be considered. Defendant's contention is, that the damages, if any, to be recovered should be confined simply to the *loss of rents* up to the institution of the suit ; that plaintiff is not entitled to recover in this action for such *depreciation in the value* of the inheritance which may have been occasioned by defendant's wrongful acts.

"The rule for measuring damages is that which aims at actual compensation for the injury, and that whatever ascertains this is proper evidence to be submitted to the jury." 3 Sutherland on Damages, p. 404. Now in the case at bar, evidence went to the jury that because of the construction of the sewer, the filth from the University was precipitated onto Babb's premises ; that by reason thereof the tenants became sick (some died ) ; the premises were abandoned ; the reputation of the property suffered ; people refused to rent or occupy the premises, as they were generally considered sickly."

Witnesses testified that the value of the property in the market was depreciated ; that by the creation of this nuisance the salable value of the real estate was much less than it was before ; that even after the discontinuance of the use of the sewer by the University people the influence, thus occasioned by the construction of the sewer, continued to operate on the property and to disparage its value. A *permanent injury to value* was thus shown, and will it be said, that for this injury so inflicted by defendant's wrongful act, plaintiff has no remedy ? This is not a case where the injuries, resulting from the nuisance, stop with the existence of the nuisance, as in *Pinney v. Berry*, 61 Mo. 359, but rather a case similar to *Givens v. Van Studdiford*, 4 Mo. App. 498, approved in 72 Mo. 129, 86 Mo. 149. In the case last cited plaintiff Givens was permitted to recover damages

for depreciation in value of his house in St. Louis where the value had been disturbed by reason of his neighbors renting an adjoining building to bawds—to be used as a house of prostitution—thereby impairing the good name of the plaintiff's premises and diminishing the market value thereof. The court there held the bawdy-house a private nuisance, announced it as "unquestionably that if a brothel is kept adjoining the tenement of another, by reason of which his tenants leave, and his property is depreciated in value, he may maintain an action for the special damage thus done his private property."

We think then that the lower court was correct, in thus permitting any permanent depreciation in the value of plaintiff's real estate (which was occasioned by the nuisance complained of) to be considered by the jury in making up the *quantum* of damages. If the testimony introduced by the plaintiff is to be credited (and the jury seem to have given it weight) then the wrongful acts of the defendant operated seriously against the property rights of plaintiff, and it becomes the duty of the court to see to it that the losses thereby occasioned be compensated, not only by requiring payment for the *loss of rents*, but as well payment for such *permanent losses* done to the value of the freehold.

We have considered all the points urged for the reversal of this cause, and have here given expression to our views of such points as we deem important; and it follows from these views that the judgment of the circuit court should be affirmed, and with the concurrence of the other judges it is so ordered.