E. H. GRABILL, Cashier of Greene County Bank, Appellant, v. J. N. BEARDEN *et al.*, Respondents.

St. Louis Court of Appeals, May 7, 1895.

1. **Promissory Notes**: ESTOPPEL. A defendant who is sued as one of the makers of a promissory note is not estopped from denying the execution of the note by him, merely because he did not deny such execution when refusing payment at maturity, and because the holder thereon believed his signature to be genuine, and, therefore, did not sue other parties who at the time were solvent but subsequently became insolvent.

2. **Practice, Appellate**: FAILURE OF RECORD TO DISCLOSE ALL INSTRUCTIONS GIVEN. When the record on appeal does not disclose all of the instructions to the jury given by the trial court, it will be presumed that the omitted instructions stated the entire law of the case, and justified the action of the trial court with regard to those which were refused.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*Heffernan & Buckley* for appellant.

*H. C. Young* and *C. W. Thrasher* for respondents.

BOND, J.—This suit was begun before a justice on a promissory note for $200, purporting to be signed by the defendant, the execution of which was denied under oath. The case was appealed to the circuit court, where it was submitted to the court without a jury, and a verdict and judgment rendered for defendants, from which plaintiff appealed.

The errors claimed are the refusal of two declarations of law requested by plaintiff to the effect that, if

the defendant refused payment of the note, and did not deny its execution when it was presented to him at maturity, and plaintiff, therefore, believing it to be genuine, did not sue a comaker who was then alive and out of whom the amount could have been made, then defendant was estopped, and the issue as to the execution of the note must be found for the plaintiff. This declaration of law was properly refused, since it does not contain the essential elements of an estoppel, which are to wit: "*First.* There must have been a false representation or a concealment of material facts. *Second.* The representation must have been made with knowledge of the facts. *Third.* The party to whom it was made must have been ignorant of the truth of the matter. *Fourth.* It must have been made with the intention that the other party should act upon it. *Fifth.* The other party must have been induced to act upon it." *Blodgett v. Perry*, 97 Mo. 263.

The refusal of payment by defendant would not warrant plaintiff in neglecting to sue a comaker; it should rather have promoted such action as a measure of ordinary prudence. Neither does the declaration submit the question of the intent of defendant in failing to couple with his refusal to pay an explanation of the reason. It is also apparent that the declaration wholly fails in other respects to comply with the foregoing on the subject of estoppel *in pais.* Hence its refusal was not error.

Moreover, if the declaration had been properly framed, the action of the trial court in refusing it would have to be affirmed, since the record shows that other declarations were given for defendants which are not set out in the abstract. In such cases the presumption is indulged that the omitted declarations of law stated all the law of the case, and authorized the refusal of those inserted in the bill of exceptions. *Elliott v. Rosen-*

*berg*, 17 Mo. App. 667. Besides, a careful examination of the testimony in this case shows no substantial evidence to rest an estoppel upon, and discloses that the verdict was clearly for the right party. It will, therefore, be affirmed. All concur.