HIPSLEY, *Appellant*, v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY.

1. **Railroads** : COMMON CARRIERS : PERSONAL INJURIES : NEGLIGENCE : BURDEN OF PROOF. Where in an action by a passenger against a railroad company for damages for injuries caused by the derailment of the latter's train, the evidence shows that the plaintiff was injured without any fault on his part, a *prima facie* case is made out for him, and the *onus* is cast upon the defendant of relieving itself from responsibility by showing that the injury was the result of an accident which the utmost skill, foresight and diligence could not have prevented.

2. —— : —— : —— : PRACTICE. In such action, where the evidence on the part of the plaintiff makes out a *prima facie* case for him, which is rebutted by the evidence on the part of the defendant, it is error to take the case from the jury by instruction, and they should be allowed to pass upon the credibility of the witnesses and the weight of their testimony.

3. **Practice** : FINDING OF JURY, WHEN SET ASIDE. When the right of the jury to pass upon the credibility of witnesses and weight of evidence is abused by them, the trial court may set aside their verdict on proper motion, and take the verdict of another jury, or the Supreme Court will grant a new trial where it appears that the verdict is so clearly against the weight of evidence that it must have been the result of passion or prejudice.

4. **Railroads** : PERSONAL INJURIES : EVIDENCE. In an action by a passenger against a railroad company for damages for injuries sustained by the derailment of the latter's train, evidence that defendant, several months after the accident, repaired its road in various places by putting in new rails and ties is inadmissible ; and the plaintiff's evidence should be confined to the condition of the road bed at the place of and in the immediate vicinity of the accident at the time it occurred, and he should not be allowed to show

that accidents had previously occurred on other parts of defendant's road.

*Appeal from Nodaway Circuit Court.*—HON. H. S. KELLEY, Judge.

REVERSED.

*Johnston & Anthony* for appellant

(1) Plaintiff should not have been confined to showing the condition of the road at the immediate place of the accident and at the time of its occurrence. He should have been allowed to show the general bad condition of the road. *Sheldon v. Railroad Co.*, 14 N. Y. 218; Shearman & Redf. on Neg., p. 397, sec. 333; *Henry v. Railroad Co.*, 50 Cal. 176. (2) The court erred in sustaining the instruction in the nature of a demurrer to plaintiff's evidence. For, when plaintiff had shown that he was a passenger on defendant's cars, and while being carried, received injury without fault on his part by the train being thrown from the track, he had without more made out a *prima facie* case; on such showing the law raises the presumption of negligence on the part of defendant, entitling plaintiff to judgment, and shifts the burden upon the defendant to show no negligence. Shear. & Redf. on Neg., sec. 280; *Edgerton v. Ry. Co.*, 39 N. Y. 227; *Young v. Kinney*, 28 Ga. 111; *Fairchild v. Cal. Stage Co.*, 13 Cal. 599; *Phila. & Read. Ry. v. Derby*, 14 How. 468; *Pittsb. & Cin. Ry. v. Thompson*, 56 Ill. 138; *Lemon v. Chanslor*, 68 Mo. 340; *Meier v. Pa. Ry.*, 64 Pa. St. 230; *Stokes v. Saltonstall*, 13 Pet. 181; *Ry. Co. v. Pollard*, 22 Wall. 341. Where plaintiff makes out a *prima facie* case, which is rebutted by defendant's testimony, if true, the case should go to the jury that they may pass upon the credibility of the witnesses and weight of the evidence. *Dougherty v. Ry. Co.*, 9 Mo. App. 478; *Brown v. Ry. Co.*, 13 Mo. App.

462; *Routsong v. Ry. Co.*, 45 Mo. 236; *Emerson v. Sturgeon*, 18 Mo. 170; *Kelly v. Ry. Co.*, 70 Mo. 607; *Edgerton v. Ry. Co.*, 35 Barb. 193; *Sullivan v. Ry. Co.*, 30 Pa. St. 339; *Kenney v. Ry. Co.*, 80 Mo. 573.

*Strong & Mosman* for respondent.

(1) The court did not err in confining the proof to the immediate locality of the accident. *Kinney v. Ry. Co.*, 70 Mo. 251; *Moody v. Ry. Co.*, 68 Mo. 470; *Ry. v. Huntley*, 38 Mich. 537; *Reed v. Ry. Co.*, 45 N. Y. 574; *Coal v. Ry. Co.*, 60 Mo. 227; *Lester v. Ry. Co.*, 60 Mo. 265; 4 Md. 242. (2) Evidence of other wrecks was not admissible. *Davis v. Ry. Co.*, 8 Oreg. 172; *Sherman v. Kortright*, 52 Barb. 267; *Jacques v. Ry. Co.*, 41 Conn. 61; *Hudson v. Ry. Co.*, 59 Iowa, 581; *Parker v. Portland Co.*, 69 Me. 173; *Bank v. Ocean Bank*, 60 N. Y. 278-295; *Warner v. Ry. Co.*, 44 N. Y. 465; *Robinson v. Ry. Co.*, 7 Gray, 92, 95; *Maguire v. Ry. Co.*, 115 Mass. 239. Besides the fact was disproved. (3) (*a*) There was no competent evidence tending to show that the speed was too great. *Huntley v. Ry. Co.*, 38 Mich. 537. (*b*) There was nothing in the evidence tending to show that the rate of speed had anything to do with causing the accident. *Powell v. Ry. Co.*, 76 Mo. 82; *Lord v. Ry. Co.*, 82 Mo. 139. (c) It would have been error to submit that question to the jury. *Brasburg v. Ry. Co.*, 50 Wis. 231. (*d*) From the fact that a person after the happening of an accident, makes improvements, or changes, it does not follow that they were made because the accident happened, nor is it an evidence that the original condition was negligent. The fact of repairs is not evidence of negligence. *Dale v. Ry. Co.*, 73 N. Y. 468; *Dougan v. Transportation Co.*, 56 N. Y. 1; *Hudson v. Ry. Co.*, 59 Iowa, 58; *Ely v. Ry. Co.*, 77 Mo. 34, 37; *Reed v. Ry. Co.*, 45 N. Y. 574. (4) An adequate cause having been shown for throwing the car from the track, and there being no other cause shown that must be presumed to be

the true cause. *Kendall v. Boston*, 118 Mass. 234-6. The evidence for defendant fully explained the cause of the accident, and was in perfect harmony with the most exact care on the part of defendant. The plaintiff did not attempt to rebut it. It was perfectly consistent with all the facts given in the case. Under such circumstances the jury could not disregard it. *Ry. Co. v. Packwood*, 7 Am. and Eng. Ry. Cases, 584; *Woodward v. Squires*, 39 Iowa, 438; *Ry. Co. v. Talbott*, 7 Am. and Eng. Ry. Cases, 587; *McPadden v. Ry. Co.*, 44 N. Y. 478. And it was the duty of the court to take the case from the jury. *Ry. Co. v. Burnes*, 64 Md. 113; *McPadden Case*, 44 N. Y. (5 Hand.) 478; *Lockwood v. Ry. Co.*, 6 Am. and Eng. Ry. Cases, 159, 160.

NORTON, J.—Plaintiff, who was a passenger on defendant's road, to be carried from the town of Bolckow, in Andrew county, to Hopkins, in Nodaway county, brought this suit to recover damages for injuries sustained by him caused by the derailment of the train on which he had taken passage. After all the evidence, both on the part of the plaintiff and defendant, was introduced the court at defendant's instance gave an instruction that under the pleadings and evidence plaintiff was not entitled to recover, and took the case from the jury. From the judgment of the court in refusing to set aside the non-suit which this action compelled the plaintiff to take, he prosecutes this appeal and assigns for error the action of the court in refusing to receive proper evidence and in giving said instruction.

The evidence on the part of plaintiff established the fact that he was a passenger in one of defendant's cars on the seventh of January, 1881; that on the night of that day, about seven o'clock, all the train except the engine and baggage car was derailed, and the car in which plaintiff was seated was thrown down an embankment, in consequence of which he received injuries the

nature of which were testified to by himself and a physi-cian.   This was all the evidence on the part of plaintiff. The defendent, to overthrow the *prima facie* case thus made, put in the evidence of a number of witnesses, all of whom concurred in stating that the train in question was derailed by reason of the breaking of a rail ; that the rail which broke was a good smooth, sound rail. neither worn nor shattered ; that at the place of the accident the road was straight and well ballasted with cinders ; that the ties were good sound oak ties ; that the rails were well spiked with four good spikes to each tie ; that the break was a fresh break, and disclosed neither flaw, crack nor other defect in said broken rail ; that the speed of the train was from twenty-two to twenty-five miles per hour ; that it was extremely cold the night of the accident ; that rails, whether of iron or of steel, would break in cold frosty weather, and that there was no known way to anticipate or prevent this ; that rapid speed on a straight track would not be more likely to break a rail than a slow rate, but would be likely to cause a more serious result or accident if a rail did break. The plaintiff offered no evidence in rebuttal.

In the case of *Lemon v. Chanslor*, 68 Mo. 341, we had occasion to consider the rights of a passenger and the duty under the law which that relation cast upon the common carrier, and it was there held that when the evidence shows that a passenger, without fault of his own, receives injury by the overturning or breaking down of the vehicle in which he is being carried, that a *prima facie* case is made out for him, and the *onus* is cast upon the carrier of relieving himself from the responsibility by showing that the injury was the result of an accident which the utmost skill, foresight and diligence could not have prevented.   This rule was applied in a case where horse power and a hack were used by the carrier for carrying passengers, and it applies with equal if not greater force when the more powerful instrumentality of steam

is used as the motive power.   While carriers are not insurers of the absolute safety of passengers and are not responsible for inevitable and unavoidable accidents, regard for the safety of human limb and life has led to the adoption of the rule announced.   It follows from this ruling that plaintiff having offered evidence tending to prove that he was a passenger on defendant's train, and that he was injured without any fault on his part, by the derailment of the train, made out a *prima facie* case entitling him to a verdict, unless it was rebutted and overthrown by the evidence of defendant showing that the accident was not the result of that want of care and vigilance, which the law made it obligatory on defendant to bestow.

It is contended by appellant that inasmuch as juries are the sole judges of the credibility of witnesses and the weight of their evidence, that it was their province, and not that of the court, to pass upon the credibility of the witnesses and the weight to be given their evidence, and that in doing this and giving the instruction objected to the court invaded the province of the jury.   The point made, we think, is fully sustained by the following cases : *Kenney v. H. & St. Jo. Ry. Co.*, 80 Mo. 573 ; *Gregory v. Chambers*, 78 Mo. 298–9 ; *Meyers v. Union Trust Co.*, 82 Mo. 238 ; *Bryan v. Wear*, 4 Mo. 106 ; *McAfee v. Ryan*, 11 Mo. 365 ; *Steamboat v. Matthews*, 28 Mo. 248 ; *Bradford v. Rudolph*, 45 Mo. 426.   The facts stated by defendant's witnesses, if established to the satisfaction of the jury, would unquestionably constitute a complete defence to plaintiff's action.   Where the right of juries to pass upon the credibility of witnesses and the weight of their evidence is abused by them in arbitrarily disregarding the uncontradicted evidence of witnesses, disinterested and unimpeached either by their manner of testifying, or otherwise, the corrective is to be found in the right of the *nisi prius* judge to set aside the verdict on proper mo-

tion, and take the verdict of another jury, or by the action of this court whenever it appears in a case that the verdict of a jury is so clearly against the weight of evidence that it must have been the result of passion or prejudice.

The court did not err, either in refusing to allow plaintiff to show that several months after the accident defendant repaired its road by putting in new rails and ties in various places (*Ely v. Ry.*, 77 Mo. 34), nor in confining plaintiff's evidence to the condition of the road bed at the place of and immediate vicinity of the accident and to its condition at the time of the accident; nor in refusing to allow plaintiff to show that accidents had previously occurred on other parts of defendant's road. The fact that the road in other places may not have been in good condition had no tendency to prove that it was in a bad condition at the place where the accident in question occurred. Judgment reversed and cause remanded. All concur.