# WHEELING.

## BARTLETT v. BARTLETT.

Submitted June 9, 1890—Decided June 21, 1890.

1. ADMINISTRATOR—VENDOR'S LIEN—PLEADING.

Where a party, describing himself as administrator of A. B., sold and conveyed a tract of land to a purchaser, reserving a vendor's lien upon the face of the deed to secure a portion of the purchase-money, it is not necessary to the validity of the deed that such administrator should recite his power and authority to sell said land on the face of the deed, but it is regarded as the better practice to do so.

2. ADMINISTRATOR—VENDOR'S LIEN—DEMURRER.

To a bill filed by such administrator to enforce such vendor's lien, in which he alleges the sale and conveyance of a tract of land to a purchaser, and that there is a balance of the purchase-money for said land remaining unpaid, to secure the payment of which a vendor's lien was reserved by him on the face of said conveyance, which was with general warranty, which deed of conveyance and the bond evidencing the amount of purchase-money remaining unpaid are exhibited and made part of said bill, a demurrer filed by the defendant will not be sustained, for the reason that said plaintiff does not show by his said bill under what authority he sold, and in what right he became invested with the title to said land.

*T. W. Harrison* for appellant.

*J. J. Davis* for appellee.

ENGLISH, JUDGE:

This was a suit in equity brought by Jed W. Bartlett, administrator of John Ryan, deceased, in the Circuit Court of Harrison county, for the purpose of enforcing a vendor's lien against a tract of land situated in said county containing two hundred and seventy six and three fourths acres, which the plaintiff alleges in his bill he sold to Job G. Bartlett, who is made defendant in said suit. The plaintiff exhibits a copy of the deed executed by him to the defendant for said tract of land as part of his bill, from which it appears that the consideration for said tract of land was eight thou-

sand two hundred and thirty three dollars and thirty one cents, one thousand dollars of which was paid in hand, and for the residue the defendant executed his notes with good personal security, payable in three equal installments, bearing interest from the 16th day of April, 1884, the date of said deed; and a vendor's lien was reserved on the face of said deed to secure their payment. It also appears by a recital on the face of said deed that said land was sold after having been advertised in the Clarksburg News for four consecutive weeks after said administrator had executed his bond as such, said Job G. Bartlett being the highest bidder, at the front of the court-house, on the 7th of April, 1884. The plaintiff further alleged in his bill that the defendant had paid all of said notes mentioned in said deed except the last, and that he had made sundry payments on that; so that on the third day of April, 1888, there remained due on said note, two hundred and sixty seven dollars and twenty seven cents; and plaintiff also exhibited said note, with the credits thereon endorsed as part of his said bill; that the defendant was put in possession of said tract of land at the time of said sale, and has since retained the possession thereof, enjoying the rents and profits thereof; and he prayed that said vendor's lien might be enforced.

The defendant appeared at rules on the first Monday in May, 1889, and demurred to plaintiff's bill, which was set down for argument, and at the May term, 1889, the matters of law arising on said demurrer were argued, and on consideration said demurrer was sustained by the court, and, the plaintiff declining to ask for leave to amend his said bill, the same was dismissed, from which decree the plaintiff applied for and obtained this appeal.

The action of the court in sustaining the defendant's demurrer and dismissing the plaintiff's bill is assigned as error. It is contended by counsel for the appellee that the plaintiff's bill is defective because it does not show on its face under what authority the plaintiff sold said tract of land, or how or in what right he became invested with title to said land, so as to be able by any sale or conveyance to impart title to a purchaser.

Can the defendant successfully interpose this objection by way of demurrer? It appears from the bill and exhibits that the sale under which the appellee acquired his deed was made on the 16th day of April, 1884, at public auction, at the front door of the court-house of Harrison county, after an advertisement for four weeks in the Clarksburg News, said appellee being the highest bidder for the same; and, in pursuance of said sale, the deed exhibited with plaintiff's bill was executed, containing covenants of general warranty, and was accepted by the appellee, and placed upon record, and the notes for the deferred payments of the purchase-money, with good personal security, were executed and delivered to the plaintiff, and all of them have been paid with the exception of a portion of the last one; and the defendant must take notice of the recitals in said deed.

Pomeroy, in his Equity Jurisprudence, (volume 2, § 630) says: "The constructive notice arises, not only from recitals, references and other similar statements of fact, but also from the character and description of the parties to a deed or other instrument of title. A purchaser may thus be charged with notice of the rights held by third persons from the fact that they are joined as parties to a conveyance, or from the character or description of them appearing in the instrument, as married women, trustees, administrators, executors and the like. The immediate parties, grantor and grantee, mortgageor and mortgagee, by whom and to whom the instrument is directly executed, have, of course, a notice of everything which it contains."

In this case the appellee purchased from Jed W. Bartlett, describing himself as administrator of John Ryan, deceased, certain land after the same had been advertised by said Bartlett for four successive weeks as such administrator at a sale made at public auction, and executed and delivered the bond made to said Jed W. Bartlett, administrator of John Ryan, deceased, and accepted from him the deed exhibited with the bill, containing a covenant of general warranty. Under these circumstances alleged in the bill, and not denied by any answer, but on the contrary admitted by the demurrer, this Court will presume either that

the plaintiff in making said sale was acting as administrator with the will annexed of the estate of John Ryan, deceased, and was duly and properly authorized to make sale of said land, or that he was selling the same as his individual property, using the words "administrator of J. W. Bartlett," merely as *descriptio personæ.*

It is true, as contended by counsel for the appellee, that the bill on its face does not show affirmatively under what authority the plaintiff sold the tract of land purchased by the appellee. He, however, selected the party with whom he contracted for the land, and accepted from him a general warranty of the title, and, so far as appears from any pleading in the cause, he has since the date of said deed enjoyed the full benefit of his said purchase without hindrance or eviction. It is true that the plaintiff signed said deed with the words "administrator of John Ryan, deceased," annexed to his signature, but these words might be regarded merely as *descriptio personæ;* but, whether the contract was made with Jedediah W. Bartlett in his character as personal representative or in his individual capacity, the fact still remains that the contract was made, the bond executed for the purchase-money, the deed with general warranty accepted, and the vendor's lien reserved.

It is not the province of the court to make contracts for parties, but to enforce them, or construe them when questions are raised as to their intention or validity by proper pleadings. The demurrer filed in this case must be considered as admitting the facts above stated in regard to the purchase of said tract of land, the conveyance of the same, and the manner in which the purchase-money was secured.

The appellee, however, contends that the bill should have gone further, and shown "under what authority the plaintiff sold, or how and in what right he became invested with title to said land so as to be able to impart title to a purchaser." This question, however, does not arise upon demurrer. By this course, the appellee raised no question as to the right of the plaintiff to sell and convey the land, or as to the validity of the title acquired

by him under said purchase; and, if said question were properly raised by the demurrer, we find that this Court has held in the case of *Smith* v. *Henning*, 10 W. Va. 600, point 6 of the syllabus, that, "in making a deed in execution of or in pursuance of a power, it is not always necessary to recite therein the power, but it is the better and safer practice to do so." In the opinion of the Court, (page 633,) which was delivered by HAYMOND, J., he quotes from Perry on Trusts, (volume 2, § 511 *c.*,) as follows: "The intention to execute a power will sufficiently appear (1) when there is some reference to the power in the instrument of execution; (2) when there is reference to the property which is the subject-matter on which execution of the power is to operate; and (3) when the instrument of execution would have no operation, but would be utterly insensible and absurd, if it was not the execution of a power."

He also quotes from the fourth volume of Cruise's Digest, p. 168, as follows: "An instrument may operate as a revocation of an appointment, without any recital or mention of the power; for, if the act done be of such a nature that it can have no operation unless by virtue of the power, the law will resort to the power, and thereby give validity to the instrument, upon the principles that *quando non valet quod ago ut ago valeat quantum valere potest;*" referring to *Bradish* v. *Gibbs*, 3 Johns. Ch'y 551; *Andrews* v. *Emmot*, 2 Brown, Ch'y top. pp. 234, 236, side p. 300. And he further says: "The case of *Lockwood* v. *Sturdevant*, 6 Conn. 373, seems to be to the contrary, but I think that the weight of authority, as well as of reason, is against it. The deed in the case at bar is made by the executor as such, and we may well and properly look to the will for the power to sell and convey as executor; and, if the will contains the power or authority to sell the land as executor, it is not essential to the validity of the deed that it should recite the power and authority on its face; it is doubtless the better practice to do so."

So, in the case under consideration, unless we regard the words added to the name of Jedediah W. Bartlett as merely *descriptio personæ*, the deed would appear to have been made by one without authority, unless, looking to the

recitals of the deed, we must presume it was made and exe-
cuted by him as administrator with the will annexed, and
must look to the will for the power to sell; but, as before
stated, the defendant in error can not by demurrer raise
the question as to the right of plaintiff to enforce the ven-
dor's lien reserved on the face of said deed after having
made the contract and accepted the deed under the cir-
cumstances admitted by said demurrer.

I am therefore of opinion that the court below erred in
sustaining the defendant's demurrer, and in dismissing the
plaintiff's bill, and the decree complained of must be re-
versed, and the cause remanded to the Circuit Court of
Harrison county for further proceedings to be had therein,
and the appellee must pay the costs of this appeal.

REVERSED.   REMANDED.