Worthington v. Lindell R'y Co.

JOSEPH W. WORTHINGTON, Respondent, v. LINDELL RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, November 9, 1897; Motion for Rehearing overruled, December 7, 1897.

1. **Negligence**: PLEADING: EVIDENCE: JURY QUESTION. In an action against a street railway for injuries received in boarding its car, where the petition stated that the car was standing still, an amendment to the petition, *"or was moving so slowly that plaintiff could safely have boarded said car but for the negligence of defendant,"* omitting to allege knowledge, or opportunity for knowing, by ordinary care on the part of defendant, that plaintiff was in the act of mounting the car, added nothing to plaintiff's right to recover under the original sufficient statement of a cause of action for the sudden starting of a standing car; and as plaintiff testified that the car was standing still when he attempted to board it, it was not error to submit that issue to the jury.

2. **Instruction.** In such action an instruction which by the use of the words "was stopping," submitted to the jury the issue attempted to be raised by the amendment of the petition, was misleading, and prejudicial error.

3. ————. The contention that the vice of an instruction submitting a theory of recovery outside of the pleadings was cured by an instruction for defendant, in which the jury were told that plaintiff could not recover unless he established by a preponderance of the evidence one or the other of the two causes of action attempted to be set forth in the amended petition, was without any merit.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED; Judge BLAND concurring, Judge BIGGS dissenting.

*Boyle, Priest & Lehmann* and *Lon. O. Hocker* for appellant.

Knowledge on the part of those in charge of a moving car, that the plaintiff was attempting to board

the same, is a necessary ingredient of the company's liability. *Meriwether v. Cable Co.*, 45 Mo. App. 534; *Schepers v. R'y*, 126 Mo. 665; *Schaefer v. R'y*, 128 *Id.* 64; *Pitcher v. St. R'y*, 34 Atl. Rep. 567; *Pitcher v. St. R'y*, 26 *Id.* 560. And must therefore be both alleged and proved. *Wells v. R. R.*, 35 Mo. 164; Bliss on Code Pl., sec. 287c; McQuil. Pl. and Prac., sec. 281; *Coleman v. Ins. Co.*, 69 Mo. App. 566.

A recovery can not be had for any negligent acts of the conductor, when the only negligence charged is that of the motorman. *George v. R'y*, 40 Mo. App. 447; *Harty v. R'y*, 95 Mo. 371; *Jacquin v. Cable Co.*, 57 Mo. App. 327–331; *Gurley v. R'y*, 93 Mo. 445; *Haynes v. Trenton*, 108 *Id.* 132; *Ely v. R'y*, 71 *Id.* 514; *Vanhooser v. Berghoff*, 90 *Id.* 499; *Merrett v. Poulter*, 96 *Id.* 240; *Meriwether v. Cable Co.*, 45 Mo. App. 532–535; *Buffington v. R. R.*, 64 Mo. 246; *Current v. R'y*, 86 *Id.* 66, 67; *Price v. R'y*, 72 *Id.* 415, 416; *Benson v. R'y*, 78 *Id.* 513; *Aultman v. Taylor Co.*, 52 Mo. App. 356.

It is not the duty of the conductor to be on the lookout at street crossings for persons desiring to become passengers, unless the car is stationary, and then only for those at the proper place for boarding the car. *Meriwether v. Cable Co., supra; Schepers v. R'y*, 126 Mo. 665; *Schepers v. R'y*, 128 *Id.* 64.

*Sale & Sale* for respondent.

The allegation that the car was negligently started while plaintiff was in the act of boarding the car at the place where it usually stopped to receive passengers contains an implied averment that the conductor knew, or ought, in the exercise of ordinary care, to have known, that plaintiff was attempting to board the car. *Crane v. R'y*, 87 Mo. 588 at 594.

Proof that the starting of the car by the motorman was occasioned by some default on the part of the conductor, is not a failure to prove that the negligent starting of the car by the motorman caused the accident. R. S. 1889, sec. 2238; *Wise v. R. R.*, 85 Mo. 178; *Lee v. Cox*, 16 *Id.* 166; *Gates v. Watson*, 54 *Id.* 585; *Reeves v. Larkin*, 19 *Id.* 192; *Leslie v. R'y*, 88 *Id.* 50; *Werner v. R'y*, 81 *Id.* 368; *Ridenhour v. R'y*, 102 *Id.* 270.

Even if it were a failure of proof, the record shows that the negligence of the conductor was regarded as the issue throughout the trial. See citations, *supra;* R. S. 1889, secs. 2113, 2114, 2117; *Nobles v. Blount*, 77 Mo. 239.

The duty of defendant, to one attempting to board its cars at the usual starting place, not to start its cars rapidly and suddenly, before the would-be passenger has time to get safely aboard, applies as well to a case where the car is running slowly, with the power shut off, as to a case where it is standing still. *Meriwether v. R'y*, 45 Mo. App. 534.

The only instruction permitting a recovery on the ground of negligently starting or increasing the speed of a moving car, was given at defendant's request. Defendant could not, therefore, complain of any error in submitting this issue to the jury, even if one had been committed. *Loomis v. R'y*, 17 Mo. App. 340; *Johnson v. Simmons*, 61 *Id.* 395; *Baker v. R. R.*, 112 Mo. 533.

### APPELLANT'S REPLY.

If what is said in the petition about the motorman be stricken out, nothing is left charging negligence upon the defendant. It can not, therefore, be eliminated as surplusage. Bliss on Code Pl., sec. 215; *Hotel Co. v. Sauer*, 65 Mo. 287; *Crocker v. Mann*, 3 *Id.* 476. See,

also, *Garner v. R'y*, 34 Mo. 240; *Doan v. R'y*, 38 Mo. App. 414; *Koopman v. Cahoon*, 47 *Id*. 363.

The petition did not state a cause of action upon the theory of boarding a moving car in that it did not aver knowledge on the part of defendant of such attempt. *Freymark v. Bread Co.*, 55 Mo. App. 437; *Wells v. R. R.*, 35 Mo. 164; *Coleman v. Ins. Co.*, 69 Mo. App. 566; *Cook v. Putnam Co.*, 70 Mo. 668; *Turley v. Edwards*, 18 Mo. App. 677; *McConey v. Wallace*, 22 *Id*. 377; *White v. Chaney*, 20 *Id*. 390; *Field v. R'y*, 76 *Id*. 614.

This point was not waived by the defendant asking and the court giving instruction 3. R. S. 1889, sec. 2047; *Smith v. Burris*, 106 Mo. 97; *McEntire v. McEntire*, 80 *Id*. 473; *Walker v. Bradbury*, 57 *Id*. 66; *Peltz v. Eichle*, 62 *Id*. 177; *Nance v. R'y*, 79 *Id*. 197; *State ex rel. v. Griffith*, 63 *Id*. 545; *Bateson v. Clark*, 37 *Id*. 31.

BOND, J.—On the eighteenth of April, 1896, the plaintiff attempted to board defendant's car near the intersection of King's Highway and Chouteau avenue. According to plaintiff's statement the car was stationary at the time. According to the statements of the other witnesses it was moving slowly. There was evidence tending to show that the conductor signaled the motorman to go ahead, in consequence of which the car started with such suddenness as to cause plaintiff to fall and drag him some distance, inflicting severe and painful injuries, to recover for which this action was brought, resulting in a judgment for $1,000 from which defendant appeals.

At the close of the trial plaintiff's petition was amended by interlining the italicized words in the part of the petition alleging the negligence sued for. As

thus amended it sets forth the negligence causing the injury in the following language:

"Plaintiff further states that on the eighteenth day of April aforesaid, he was desirous of becoming a passenger on one of said defendant's cars going east on said Chouteau avenue. Plaintiff states that one of defendant's said cars was standing still and motionless on the eastbound track on said Chouteau avenue at the eastern side of said King's Highway for the purpose of receiving passengers, *"or was moving so slowly that plaintiff could safely have boarded said car but for the negligence of defendant as hereinafter set out."* Plaintiff states that, being desirous of becoming a passenger on said car, he caught hold of certain hand-holds upon said car, which hand-holds are placed upon said car for said purpose by defendant, and put one foot upon the lower step of the platform of said car for the purpose of entering said car; and that, at this time, while plaintiff as stated was holding said hand-holds, with his foot on said platform, the motorman of said car, said motorman being an employee and agent of said defendant, carelessly and negligently and suddenly, violently, and with an unusual and rapid speed, started said car, thereby dragging plaintiff about twenty-five feet, and throwing and precipitating plaintiff into the street, and into the dirt thereof, and upon the stones thereof."

This interlineation did not add another to the cause of action stated in the petition. As an attempt to state a cause of action for negligently increasing the speed of a moving car it lacked the essential allegation of knowledge or opportunity thereof by ordinary care on the part of defendant that plaintiff was in the act of mounting the car. *Meriwether v. R'y*, 45 Mo. App. *loc. cit.* 534; affirmed in *Schepers v.*

NEGLIGENCE: pleading: evidence: jury question.

R'y, 126 Mo. *loc. cit.* 673. The fact that neither the conductor nor motorman sees a person who boards a moving street car is not negligence *per se* on the part of the company. If, however, such knowledge is actually had by these servants, or might have been had by the exercise of ordinary care, then the duty is at once imposed upon them to exercise such care as is practicable under the exigencies of the situation to enable the person safely to complete his entrance to the car. The amendment to plaintiff's petition omitted constitutive facts, and added nothing to plaintiff's right to recover under the previous sufficient statement of a cause of action for the sudden starting of a standing car. As there was at least one witness (plaintiff) who testified that the car was standing still when plaintiff attempted to board it, the court did not err in submitting that issue to the jury. It is however insisted by appellant that the court erred in giving of its own motion the following instruction:

"If you find from the evidence that plaintiff attempted to board the defendant's train at a place where its cars were in the habit of stopping to receive passengers, and that he had reason to believe and did believe that said train was stopping for passengers at said place; and if you further believe from the evidence that the plaintiff stepped upon the lower step of the rear car of said train for the purpose of becoming a passenger thereon; and that the defendant's servants in charge of said car knew, or by the exercise of ordinary care would have known, that plaintiff was attempting to board said car as a passenger; and if you further believe from the evidence that after the plaintiff had so stepped upon said lower step for such purpose, the said servants in charge of said train suddenly started the same before the plaintiff had a reasonable time to get upon said car and to a place of safety therein, and

that the injury complained of was caused by such sudden starting of the cars under such circumstances, and if you further believe from the evidence that the plaintiff at the time exercised ordinary care in attempting to board the car in the manner shown by the evidence, then your verdict should be for plaintiff.''

The objection to this instruction is that by the use of the words ''was stopping'' the court submitted to the jury the issue ineffectually attempted INSTRUCTION. to be raised by the amendment of the petition. This objection is well taken. If the car ''was stopping'' it had not stopped or was moving. This is the ordinary meaning of the terms in question, as well as their grammatical import. Moreover the jury must have understood this to be the meaning of the instruction when they came to examine the other instructions purporting to cover the case given for plaintiff. In each of these the right of plaintiff to recover is predicated upon a finding that the car was stationary. In one of them (instruction B.) the facts supposed were substantially the same as in the one under review, except the requirement to find that the cars were standing still at the time plaintiff attempted to board them. When it is borne in mind that the instruction under review in its last clause conditioned the right of plaintiff to recover upon a finding by the jury of his attempt ''to board the car in the manner shown by the evidence,'' and that the weight of the evidence indicated that the car was in motion when he attempted to board it, the presumption results that the jury made their finding in accord with the tendency of the evidence, and therefore upon an incorrect theory (under these pleadings) of plaintiff's right to recover. An instruction whose natural and logical effect is to mislead a jury, is prejudicial. As this is the case with the one under review, it was reversible error to give it. There

is no merit in the contention of respondent that the vice of the instruction under review in submitting a theory of recovery outside of the pleadings was cured by one given (number 3) at defendant's instance, wherein the jury were told in substance that plaintiff could not recover unless he established by a preponderance of the evidence one or the other of the two causes of action attempted to be set forth in the amended petition. As one of these was radically and incurably defective for the reason given, it was not the subject of a waiver during the trial, hence defendant's instruction did not have that effect, nor did it create a cause of action for plaintiff not contained in his petition. It is the office of pleadings to set forth causes of action and defense, whose legal sufficiency is not determined by admissions in instructions, but is always a question of law. It is the well settled law that essential omissions in the statement of a cause of action may be taken advantage of for the first time on appeal. *Smith v. Burrus*, 106 Mo. 97; *Bateson v. Clark*, 37 Mo. 31; R. S. 1889, sec. 2047.

As this case must be reversed it is unnecessary to discuss the point made as to the difference between the negligence averred and that which the evidence tended to prove. When the cause is remanded the petition will be subject to proper amendments. The judgment is reversed and the cause remanded.

Judge BLAND concurs. Judge BIGGS dissents.

### ON MOTION FOR REHEARING.

BOND, J.—It is insisted in the motion for rehearing that the ruling in *Ridenhour v. R'y*, 102 Mo. 270, warranted the instruction held to be misleading in the opinion in this case. An examination of the case cited discloses that the petition therein charged that defendant (street railway company) "at the request of plaintiff"

stopped its cars for the purpose of permitting him to get off, but negligently caused the cars "to be put in motion while plaintiff was in the act of leaving the car, and without giving him a reasonable time to alight safely," thus causing the injuries sued for. The evidence in that case was that plaintiff signaled the conductor to stop the car; that the conductor rang the bell for the car to stop; that it "did not stop right still, just slacked up," and when plaintiff had gotten one foot off, "they gave a jerk, and started right up." In construing the petition in the light of this testimony, the court ruled both on the hearing and afterward on rehearing as follows: "The statement made in the petition that the defendant 'stopped' the cars for the purpose of permitting plaintiff to alight therefrom is only the statement of a matter of inducement, and no negligence is charged in doing that act. That negligence charged consists in permitting the car to be put in motion while the plaintiff was in the act of leaving the car." In other words, the court said that the petition then under review *only* alleged negligence in the matter of causing the cars to be so put in motion that the alighting passenger could not safely leave them, and hence that it was immaterial whether before taken on such motion the cars had stopped, or merely slacked up; that the cause of action arose solely on account of the new motion given to the cars while the passenger was in the act of dismounting, and not on account of their previous state or condition. No other conclusion could have been announced in that case under the facts tending to show that the conductor *knew* of the wish of the passenger to leave the train, and signaled the car to be stopped for that purpose. The cause of action stated in the petition in the case at bar is radically different. In the present case the plaintiff neither charges nor proves that the con-

ductor was aware of his intention to board the train. If the train was moving at the time he attempted to mount it, the law did not absolutely impute knowledge of his intention to the conductor, as it would have done if the train was standing still. If the petition in the case at bar had charged that plaintiff attempted to board a moving train with knowledge on the part of the conductor of such attempt actual or constructive (upon reasonable opportunity), the instruction presenting that issue would have been correct. As, however, the petition in this case, when the amendment is exscinded, only contains a statement of a cause of action for mounting a standing car, the unpleaded cause of action arising from an attempt to board a moving car should not have been submitted to the jury by an instruction. It is apparent therefore that the case relied on in the motion for rehearing has no logical bearing on the question determined in the case at bar. The motion is therefore overruled. Judge BLAND concurs. Judge BIGGS dissents.