LILLY E. CHOQUETTE, Repondent, v. SOUTHERN
ELECTRIC RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, May 9, 1899.

1. **Damages**: ELECTRIC CARS: VARIANCE: DEMURRER. In the case at
bar, from the evidence the jury were at liberty to infer either of two
things: First, that plaintiff "fell off;" secondly, that she was "pushed
off" the car. Held, that the trial court could not withdraw from the
triers of the fact the phase of the evidence presented by the testimony
of plaintiff.

2. ———: ———: CONTRIBUTORY NEGLIGENCE: PRACTICE, TRIAL. If
the defendant desired the jury to pass on the facts and circumstances
(if any,) tending to support its plea of contributory negligence, it
should have requested an appropriate instruction to the effect that if
the facts showed that plaintiff jumped off the car without ordinary
or reasonable care for her safety she could not recover.

*Appeal from the St. Louis City Circuit Court.*—HON.
RUDOLPH HIRZEL, Judge.

AFFIRMED.

SENECA N. TAYLOR, C. ERD and S. C. TAYLOR for re-
spondent.

The trial court did not err in refusing to give, at the
close of plaintiff's case, defendant's instruction in the nature of
a demurrer to the evidence. The cause of action averred in
the petition was abundantly sustained by the evidence; and
it was the cause of action submitted to the jury and decided
for respondent. In actions of negligence, the cause of action
is the wrong committed by the defendant by omission or com-
mission. It may arise from mere neglect in the performance
of a duty; or it may be an affirmative injury. Bliss on Code
Pleadings, 113; Pomeroy on Remedies and Remedial Rights,
sec. 453; Conway v. Reed, 66 Mo. 351; Owen v. Railway, 95

Mo. 180; Waller v. Railway, 59 Mo. App. 59; Shultze v. Railway, 32 Mo. App. 450; Prewitt v. Railway, 134 Mo. 615. It can not be said that there is a variance between the allegations and the proof, or, in other words, that plaintiff has stated one cause of action in his pleadings and proved another, where there is only a slight difference in some of the minor details between the allegation and the proof, and where the character of the evidence to sustain the defense is not by reason of this difference affected. Laylor v. Byrne, 51 Mo. App. 582, 583; Clydesdale Horse Co. v. Bennett, 52 Mo. App. 338; Hinley v. Railway, 57 Mo. App. 681. Moreover, defendant, by offering evidence after its demurrer was overruled, thereby waived it, and can not now insist that the court erred, even if it did, which we deny. Bowen v. Railroad, 95 Mo. 275; Kelly v. Railroad, 95 Mo. 279; McPherson v. Railway, 97 Mo. 253; Hilz v. Railroad, 101 Mo. 36. It has been repeatedly held that the meaning of words in ordinary use need not be defined in instructions. Cooper v. Johnson, 81 Mo. 483; Muehlhauser v. Railroad, 91 Mo. 332; Johnson v. Railway, 96 Mo. 340; Cotrill v. Crum, 100 Mo. 396. Moreover, it is the settled law of this state, that if counsel for appellant regarded the instruction as not sufficient, it was their duty to ask additional ones supplying their defects. Tethrow v. Railway, 98 Mo. 75.

LUBKE & MUENCH for appellant.

It is reversible error to submit to the jury a theory of recovery outside of the petition. And this objection may be made for the first time on appeal. Worthington v. Railway, 72 Mo. App. 162, 169. The facts hypothecated must be alleged in the petition. George v. Railroad, 40 Mo. App. 447. Where the petition charged negligence in the location of a water keg on a hand car it was held error to allow a recovery on the ground that the company failed to furnish a sufficient number of men to operate the car. Harty v. Rail-

road, 95 Mo. 368. The trial must be confined to the acts charged in the petition; and it is error to widen the issue by instructions. Hence, an instruction which related to the incompetency and negligence of a flagman was condemned because the petition made no such issue. Jacquin v. Cable Co., 57 Mo. App. 320. Judgment was reversed because by the instructions plaintiff was allowed to recover for negligence in leaving cars standing on the track without securing them, the petition charging that there was negligence in driving and forcing them together. Gurley v. Railway, 93 Mo. 445. Where the petition charged that plaintiff was injured by reason of a defective sidewalk, it was held error to allow a recovery upon the evidence that plaintiff fell from the walk upon a rock in the street. Haynes v. Trenton, 108 Mo. 124. In an action for injury to a servant, alleged to have been caused by defective constructed machinery, it was held that there could be no recovery on the ground that the machinery was not kept in repair. Current v. Railroad, 86 Mo. 62.

BOND, J.—On the thirtieth day of May, 1896, plaintiff who is a young lady and school teacher, was a passenger on one of the cars of defendant which was attached to a motor propelled by electricity over certain streets in this city. At a certain point in the progress of the train its overhead wire broke and fell upon the cars, emitting hissing sounds, sparks of fire, and producing a shock among the passengers, besides releasing the train from the control of the motorman and causing it to descend rapidly a downward grade which it had reached at the time of the accident. After reciting the foregoing facts, the petition of plaintiff further alleges, "that in consequence of the freight so engendered, the passengers both upon said motor and trailer cars became generally frightened, and screamed and cried out, and rushed and crowded and pushed each other to get out of said trailer car and escape from the danger which surrounded them; that in the attempt of

the passengers so to escape from said car, the plaintiff was violently thrown upon the ground and greatly injured." Judgment was prayed for $2,500.

The answer was a general denial and a plea of contributory negligence on the part of the plaintiff in negligently jumping off defendant's car while it was in motion. No formal reply was filed. There was a verdict for plaintiff for $2,500. Defendant appealed.

The first error assigned is the refusal of the court to direct a verdict for the defendant. It is argued in support of this assignment that the proof wholly failed to support the particular cause of action alleged in the petition, hence under the rule restricting the right of recovery to the issues made by the pleadings the defendant was entitled to a verdict. There is no question as to the correctness of this rule of law. Mason v. Railway, 75 Mo. App. 2; Worthington v. Railway, 72 Mo. App. 162; Christian v. Ins. Co., 143 Mo. 460. In the latter case it is said: "Hitherto it has been supposed that the issues to be raised in a cause had to be raised alone by the pleadings, and could not be enlarged by the evidence, or the instructions, nor indeed by both combined." The questions, therefore, are, what were the issues joined? And does the record show a total failure of proof of the ground of recovery set forth in the petition? That pleading by its terms hereinbefore set forth, charges plaintiff's injuries to her having been thrown on the ground in the attempt of the passengers by rushing, crowding and pushing each other, to escape from the car, which they were impelled to do by the negligence of the defendant. Assuming for the argument that this averment constituted the sole ground of plaintiff's right to recover, and leaving out of view whether the answer of defendant did not tender a broader issue, the question is, how was it met by the proof in the record? After graphically describing the accident and fright occasioned to the passengers by the electrical effects of the falling wire when it touched the cars, plaintiff states, that she

suddenly felt a terrible shock to her nervous system, and
joined in the general rush of the passengers to escape from the
car, adding "I rushed to the back platform, and I do not know
whether I fell off, or was pushed off. I was unconscious after
that, and did not regain my consciousness until the following
morning." From this evidence the jury were at liberty to
infer either of two things: First, that plaintiff "fell off;"
secondly, that she was "pushed off" the car. Her surround-
ings at the time tended to strengthen the latter deduction, for
the natural effect of an excited body of passengers rushing
pell-mell to escape from a car would be to cause many of them,
especially the weaker, to be pushed off by the crowding of
others. As the testimony of plaintiff warranted this view, it
is immaterial that it conflicted with that of the other wit-
nesses, or that the preponderance of the evidence showed that
the plaintiff neither fell off, nor was pushed off, but jumped
off the car. The court could not withdraw from the triers of
the fact the phase of the evidence presented by the testimony
of plaintiff, without invading their exclusive province to pass
on all the evidence, direct or inferential, and to give their as-
sent to that which tended to support the cause of action, rather
than that which tended to disprove it. It follows that the
point under review is not well taken under the facts in the
record.

It is next insisted that the court erred in instruction
number 4, given for plaintiff, wherein the court presented to
the jury the facts and circumstances tending to show that the
plaintiff was not guilty of the contributory negligence charged
in the answer averring that she jumped off the car in disregard
of "ordinary care, or reasonable care for her personal safety."
The instruction in question did not direct a verdict for plain-
tiff upon the facts assumed. It merely told the jury that if
they found these facts to be true, plaintiff was not guilty of
the contributory negligence pleaded in the answer. If the in-
struction had directed a verdict for plaintiff it would have

been erroneous because of a failure to submit the issue as to the cause of action alleged in her petition, but there was no error in submitting to the jury the facts whose legal effect was the converse of the charge of contributory negligence made in the answer. The issue as to the contributory negligence having been tendered by the answer, plaintiff was clearly entitled to negative it by testimony and to submit the credibility of that testimony to the jury. If the defendant desired the jury to pass on the facts and circumstances (if any), tending to support its plea of contributory negligence, it should have requested an appropriate instruction, which indeed it seems to have done by instruction number 3, wherein the court told the jury if the facts showed that plaintiff jumped off the car without ordinary or reasonable care for her safety, she could not recover. Lane v. Railway, 132 Mo. loc. cit. 18.

It is insisted that instructions numbers 1 and 2 given for plaintiff are erroneous, first, as to the degree of care therein prescribed; second, as to the use of the terms *"prima facie;"* and third, as to their doctrine that presumption of negligence might be drawn from proof of the breaking down of some of the means of transportation employed by the defendant carrier. The first and last objections are answered by the following language of the supreme court: "The obligation of a steam railway carrier to its passengers is, as far as it is capable by human care and foresight, to carry them safely, and it is responsible for all injuries resulting to its passengers from any, even the slightest, neglect, and when the passenger suffers injury by the breaking down or overturning of the coach the *prima facie* presumption is that it was occasioned by some negligence of the carrier, and the burden is cast upon the carrier to rebut and establish that there has been no negligence on its part and that the injury was occasioned by inevitable accident or by some cause which human precaution and foresight could not have averted." Clark v. Railway, 127 Mo. loc. cit. 208. As

INSTRUCTION criticised.

to the objection based upon the use of the terms *"prima facie;"* it must be admitted that the instruction is not free from fault in that respect, but we can not say that it embodied prejudicial error in view of the context showing that the terms in question were employed to denote merely presumptive evidence.

Lastly it is insisted that the verdict is excessive. It was all the plaintiff claimed, and was certainly full compensation for the injuries sustained by her, but we are not prepared to say that it was wholly unsupported by the evidence, for the testimony of plaintiff on her own behalf indicates such suffering and ill-results to her nervous system and general health, as would entitle her to the amount awarded. Finding no reversible error in the record, the judgment is affirmed. All concur.