# CHARLESTON.

MANNON v. CAMDEN INTERSTATE RAILWAY COMPANY.

Submitted June 3, 1904—Decided December 20, 1904.

1. STREET RAILWAY COMPANY—*Care Required.*
   Street railway companies for the protection of their passengers, are bound to exercise extraordinary care and the utmost skill, diligence and human foresight in keeping in repair the necessary appliances used by it in the transportation of such passengers, and the slightest negligence on its part renders it liable for all accidents to such passengers occasioned thereby. (p. 556).

2. STREET RAILWAY COMPANY—*Frequent Breaking of Trolley Wire.*
   The frequent breaking of a trolley wire at or near a given point is evidence to justify a jury in finding such a company negligent in discharging the duties it owes to the public and its passengers. (p. 557).

3. PASSENGER.—*Ordinary Prudence.*
   Whether a passenger acted with ordinary prudednce in leaping from a car in motion, or from a rash apprehension of danger which did not exist, under circumstances of age, time, place,

experience and other facts about which reasonable men might differ as a justification for such conduct, is a question of fact for a jury and not a question of law for the court.   (p. 557).

4.   DEMURRER TO EVIDENCE—*When Judgment Will be Affirmed.*
   Judgment of the circuit court over-ruling a demurrer to evidence, will be affirmed unless it is contrary to the plain preponderance of the evidence or it is without evidence to support it as to some material question at issue.  .(p. 558).

Error to Circuit Court, Cabell County.

Action by Charles Mannon against the Camden Interstate Railway Company.  Judgement for plaintiff.  Defendant brings error.

*Affirmed.*

VINSON & THOMPSON, for plaintiff in error.  ·.

GEO. I. NEAL and CAMPBELL, HOLT & DUNCAN, for defendant in error.

DENT, JUDGE:

The Camden Interstate Railway Company complains of a judgment against it in favor of Charles Mannon, rendered by the circuit court of Cabell county on the 27th day of March, 1902, for the sum of $1,500.00 damages occasioned by an accident.

On the 12th day of September, 1901, Charles Mannon, the plaintiff, an unsophisticated country boy from the state of Ohio, boarded an open car on the defendants' street railway line extending from the city of Huntington to the town of Guyandotte.  While the car was running at a rapid rate the trolley wire which had been in use since 1893, and which had broken quite a number of times near the same spot, parted and made considerable noise causing the wires to rattle, and one of the poles rotten near the ground, to break off and fall over against the wires.  The boy became excited and alarmed along with the other passengers, and before the car could be stopped, being apprehensive of danger, leaped from the car, broke his leg and tore the ligaments of his ankle, so that he became permanently injured for life.  The defendant demurred to the evidence, and the jury found a verdict for $2,500.00.  The defendant moved to set it aside as excessive, but the court, having

determined the demurrer to the evidence in favor of the plaintiff, and the plaintiff having released $1,000.00 of the verdict, entered judgment against the defendant for $1,500.00, following the case of *Ohio R. R. Company* v. *Blake*, 38 W. Va. 718. It is sufficient to say with regard to this matter, that $1,500.00 is not excessive, considering the nature and character of the injury received and that the plaintiff is maimed and disfigured for life. It is doubtful whether $2,500.00 could be considered an excessive verdict as a matter of compensation in consideration of the character of the injury received by a strong, healthy boy eighteen years of age.

There are really only two questions of importance that are presented by the record in this case:

*First*: Was the defendant guilty of negligence?

*Second*: Was there such apparent danger as justified the plaintiff leaping from the car?

The law on both these questions seems to have been fully considered and settled. They are primarily jury questions, and if the evidence in relation thereto is sufficient to sustain the verdict of a jury, this Court is bound to affirm the judgment overruling the demurrer.

As to the first of these questions, the defendant is in duty bound to the public from which it enjoys its franchise and fares, to exercise the utmost diligence possible to secure the safe transportation of its passengers, of all ages, character, disposition and information. To this end it must furnish appliances of the most approved construction and keep them in perfect repair, so far as human skill and foresight can provide. It must at all times, exercise the highest degree of vigilance in superintending the appliances used by it, so that they may be kept in the best possible condition, for it is using the most dangerous of all propelling agents, and to neglect its duties in this respect is to trifle with human life and render its negligence criminal in its nature. *Snyder* v. *Wheeling Electrical Company*, 43 W. Va. 661; *Searl* v. *Ry. Co.*, 32 W. Va. 370; *Cooper* v. *Ry. Co.*, 24 W. Va. 37.

The slightest negligence on the part of the railway company, is gross negligence. *Railroad Company* v. *Horst*, 93 U. S. 291; *Railroad Company* v. *Derby*, 14 How. 486; *The Steamboat New World* v. *King*, 16 How. 469; *R. R. Co.* v. *Lock*, 17 Wall 357.

The cases on this question are generally reviewed in the case of *Spellman* v. *Lincoln Rapid Transit Company*, 36 Neb. 890; 9 American Negligence Cases, 538.

The evidence in the present case from which a jury would have the right to find negligence, is the smallness of the wire, its use, wear and tear, and exposure to the elements for ten years, its frequent breaking near the same place, its patchwork condition and the rotten character of the line poles, all tending to show want of that degree of care that the law requires. The fact that the new patch out of old wire broke tends to show that the wire used was for some reason weaker than the old wire which had been breaking previously.

In the case of *Railway Company* v. *Bowles*, 92 Va. 738, 10 Am. Neg. Cases, 376, it is said:

"Electricity is an agency no less powerful and dangerous than steam, and imposes equal obligations upon those who use it. The trolley wire is a contrivance essential to the use of electricity in the mode adopted by the defendant company, and the frequently recurring accidents which happened to the particular wire which is the subject of investigation in this controversy, were quite sufficient to warn the defendant of its unsafe condition."

On the question of negligence the evidence is more than abundant to sustain the verdict of a jury according to the law as settled beyond dispute or doubt.

Nor is the law less settled on the question of apparent danger. It is not necessary that the danger actually exists, but that the plaintiff had been placed by the negligence of the defendant in a position which has to him the appearance of imminent danger threatened, and forces him to momentarily act for the preservation of his safety and life.

This is a question for the jury to determine from the negligence of the defendant, the nature of the accident, the age and experience of the plaintiff, and all the surrounding circumstances of time, place and conduct of others. Whether the passenger exercised ordinary or reasonable care under the circumstances, or acted from a rash appearance of danger which did not exist, is a question of fact and not of law. 1 Thomp. Neg. sections 80, 81; *Poulson* v. *Nassau Elec. R. Co.* 18 App. (N. Y.) 221; *Gannon* v. *N. Y. Ry. Co.*, 173 Mass. 40 43, L. R. A.

.833; 3 Thomp. Neg. sec. 3558; *Chonquette* v. *Southern R. Co.* 80 Mo. App. 515.·

The plaintiff by its demurrer to the evidence, having admitted ⸱that if there was evidence to support it the finding of the jury would have been against it, both as to the question of negligence ⸴and the justifiable conduct of the plaintiff, under the circum-⸴stances, this Court cannot do otherwise than affirm the judgment of the circuit court, over-ruling the demurrer to the evi-⸴dence.

*Affirmed.*