J. L. FERGUSON, Appellant, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Respondent.

**Kansas City Court of Appeals, March 4, 1907.**

1. **TRIAL PRACTICE: Evidence: Demurrer.** In passing upon a demurrer to the plaintiffs case the evidence and every reasonable deduction to be drawn therefrom, tending to support the cause of action must be considered as true.

2. ———: **Passenger Carrier: Injury: Prima Facie Case.** As a general rule when the passenger has shown his injury resulting from some defect of an appliance or omission of duty, the presumption of negligence arises on the part of the carrier and should be overcome to avoid liability.

3. **PASSENGER CARRIER: Care: Prima Facie Case.** The carrier must exercise a high degree of care and foresight to carry his passengers safely and is responsible for the slightest neglect and is *prima facie* liable to the injured passenger until it be shown that the injury was occasioned by an inevitable accident or some cause which human precaution and foresight could not have prevented.

4. ———: ———: ———: **Pleading.** Where the passenger charges specific acts of negligence he will be required to prove such acts and that proof even will not make a *prima facie* case under a general charge of negligence; and where in proving the specific allegations, his proof shows the accident was unavoidable by the utmost precaution, his case is demurrable.

Appeal from Gasconade Circuit Court.—*Hon. R. Steele Ryors*, Judge.

AFFIRMED.

*Harry Clymer* and *R. A. Breuer* for appellant.

(1) In passing on the action of the court in sustaining the demurrer to the evidence at the close of plaintiff's case, the evidence and every reasonable deduction to be drawn therefrom which tended to support the cause of action must be considered as true, and every reasonable inference to be drawn from the testimony must be

in plaintiff's favor.  Buckley v. Kansas City, 156 Mo.
16; Pauck v. Beef & Provision Co., 159 Mo. 467; Baxter
v. Transit Co., 103 Mo. App. 597; Ladd v. Williams, 104
Mo. App. 390; Forbes v. Dunnovant, 95 S. W.— (2) The
evidence established that appellant was a passenger on
defendant's train, and was injured without fault on his
part, by the derailment of the car in which he was rid-
ing.   The proof of these facts made out a *prima facie*
case, and entitled plaintiff to a verdict, unless overcome
by proof of facts relieving defendant of liability.   It was
the exclusive province of the jury to pass on the credibil-
ity of the witnesses, and the weight to be given their
testimony, and it was error to direct a verdict for de-
fendant.   Lemon v. Cheslor, 68 Mo. 340; Daugherty v.
Railroad, 81 Mo. 325; Hipsley v. Railroad, 88 Mo. 348;
Clark v. Railroad, 127 Mo. 197; Och v. Railroad, 130 Mo.
27; Furnish v. Railway, 102 Mo. 438; Hite v. Railroad,
130 Mo. 132; Sweeney v. Railroad, 150 Mo. 385; Wood
v. Railway, 181 Mo. 433; Redmon v. Railroad, 84 South-
western 26; Chouquette v. Railroad, 80 Mo. App. 515;
Aston v. Transit Co., 105 Mo. App. 226; Brod v. Transit
Co., 91 S. W. 993.  (3)   Where the evidence established
the fact that there was some defect or imperfection in the
car wheel which broke and caused the derailment of the
train, then a legal presumption of negligence arises, and
the onus is on the defendant to rebut that legal presump-
tion.   And whether the evidence is sufficient to relieve
defendant of responsibility is a question of fact for the
jury.   Hite v. Railroad, 130 Mo. 137; Chouquette v. Rail-
road, 80 Mo. App. 520; Clark v. Railway, 127 Mo. 208;
Och v. Railway, 130 Mo. 51; Aston v. Transit Co., 105
Mo. App. 233.  (4)   That the proof fully sustained the al-
legations of negligence in the petition, and warranted
the submission of the case to the jury, is supported by
the following authorities:   Lemon v. Cheslor, 68 Mo.
340; Hipsley v. Railroad, 88 Mo. 348; Kelly v. Railroad,
113 Mo. App. 468.

*L. F. Parker* and *Woodruff & Mann* for respondent.

(1) In an action by a passenger against a carrier, for injuries, when the plaintiff chooses to allege in his petition the specific acts of negligence of which he complains, he assumes the burden of proving them, and, as in other cases, must recover, if at all, upon the proof of the negligence pleaded.  Hamilton v. Railroad, 114 Mo. App. 504; Feary v. Railroad, 162 Mo. 75-96; Chitty v. Railroad, 148 Mo. 64; Bartley v. Railroad, 148 Mo. 124; Price v. Railroad, 72 Mo. 414; Waldhier v. Railroad, 71 Mo. 514; Ely v. Railroad, 77 Mo. 34; Leslie v. Railroad, 88 Mo. 50; Yarnell v. Railroad, 113 Mo. 570; McManamee v. Railroad, 135 Mo. 440; McCarty v. Hotel Co., 144 Mo. 397; Lowenstein v. Railroad, 110 Mo. App. 686; Cunningham v. Journal Co., 95 Mo. App. 47; Hite v. Railroad, 130 Mo. 132; Garven v. Railroad, 100 Mo. App. 617; Farr v. Express Co., 100 Mo. App. 574; Galm v. Railroad, 113 Mo. App. 591; Hurst v. Railroad, 94 S. W. Rep. 794; Van Horn v. Transit Co., 95 S. W. 328; Grissamore v. Railroad, 94 S. W. 306.  (2) Appellant's evidence showed that the wreck was caused by a hidden flaw in the flange of the cast-iron carwheel, and that there was no way this flaw could have been discovered until the wheel broke.  This conclusively proves that defendant was not guilty of the negligence alleged, nor, in fact, of any negligence whatever.  Bartley v. Railroad, 148 Mo. 124; Cunningham v. Journal Co., 95 Mo. App. 47; Hipsley v. Railroad, 88 Mo. 348.

BROADDUS, P. J.—The plaintiff's suit is to recover damages for injuries received while a passenger on defendant's railroad.  The train on which plaintiff was a passenger was a mixed train composed of two cars loaded with iron ore and one passenger coach, the two former being in front of the latter.  The cars loaded with ore immediately in front of the passenger coach

were both derailed and overturned and the plaintiff was injured.

The evidence showed that the derailment was caused by a break in a flange of one of the wheels of a car loaded with iron ore. It was shown that there had been no inspection of the car and that the defect in the flange was the result of a flaw in the iron.

The conductor, who was introduced by the plaintiff, testified that about fifteen or eighteen inches of the flange were broken off and that he made no particular examination of the defect. Defendant's car repairer and inspector, Marion Plank, was introduced by plaintiff, who testified on his examination in chief that the break was caused by a flaw in the iron that "could hardly be detected until it broke off entirely," and that he had never seen the car previously. On cross-examination he stated that it was a clear break in the iron and could not have been discovered by the usual manner of inspection; and that such defects occur occasionally and that they cannot be discovered by inspection.

The grounds alleged for a cause of action are that defendant "negligently caused to be placed in said train, and to form a part thereof a certain car which was then and there at the time in a worn, broken, unsafe and defective condition and unfit for service on account of its worn, broken, unsafe and defective condition, and was then and there out of repair and the wheels of which were then and there worn, broken, unsafe and defective." . . . And that by reason of such defects the train was derailed and plaintiff injured.

At the close of plaintiff's evidence the court at the request of defendant directed the jury to return a verdict in its favor, whereupon plaintiff took a nonsuit. The plaintiff then filed a motion to set the nonsuit aside which the court overruled. The plaintiff brings his case here on appeal.

123 App—38

The plaintiff's premises are: "In passing on the action of the court in sustaining the demurrer to the evidence at the close of his case, the evidence and every reasonable deduction to be drawn therefrom which tended to support the cause of action must be considered as true, and every reasonable inference to be drawn from the testimony must be in plaintiff's favor." This is a correct statement of the law. [Buckley v. Kansas City, 156 Mo. 16; Baxter v. St. Louis Transit Co., 103 Mo. App. 597; Ladd v. Williams, 104 Mo. App. 390.]

In furtherance of his premises plaintiff contends that the evidence established that he was a passenger on defendant's cars and was injured without fault on his part by the derailment of the car in which he was riding; and that therefore he made out a prima facie case. It is the law that where a passenger has been shown to have been injured by reason of some defect or imperfection of the appliance or by some omission of duty or negligent conduct of the servants of the carrier, the presumption of negligence arises on the part of the carrier and unless it be overcome by evidence the carrier will be held liable for the injury. [Hite v. Railway, 130 Mo. 132.] In Clark v. Railway, 127 Mo. l. c. 208, the court used the following language: "The obligation of a steam railway carrier to its passengers is, as far as it is capable by human care and foresight, to carry them safely, and it is responsible for all injuries resulting to its passengers from any, even the slightest, neglect, and when the passenger suffers injury by the breaking down or overturning of the coach the prima facie presumption is that it was occasioned by some negligence of the carrier, and the burden is cast upon the carrier to rebut and establish that there has been no negligence on its part and that the injury was occasioned by inevitable accident or by some cause which human precaution and foresight could not have averted." [Chouquette v. Railroad, 80 Mo. App. 515; Och v. Railway, 130 Mo. l. c. 51; Aston

v. Transit Co., 105 Mo. App. l. c. 233.] In a case where it was alleged that an engine had exploded because it was unsafe and mismanaged, it was held that the allegation was supported by proof of the explosion. [Kelly v. Railroad, 113 Mo. App. 468.] And the holding is similar in Hipsley v. Railroad, 88 Mo. 348.

While the law is well settled in this State, at least that where it is shown that a passenger has been injured by reason of any defect in the management of the train upon which he is a passenger, or by any defect in the cars or the propelling power, or breaking down or overturning of the cars, the carrier is prima facie liable to the injured passenger for such injuries; the law is also well settled that the carrier may rebut this presumption by showing that the injury "was occasioned by inevitable accident or by some cause which human precaution and foresight could not have prevented." [Chouquette v. Railroad, supra; Clark v. Railroad, supra; Hite v. Railroad, supra.]

Plaintiff insists that having shown that the coach was overturned by reason of a defect in the car whereby he was injured, and whereby he had made a prima facie case, under the rule that every reasonable inference must be drawn from the testimony in his favor he was entitled to go to the jury. But notwithstanding the rule.announced in the cases referred to, that a passenger upon proof of injury resulting from a defect in the carrier's equipment or from other causes, he has made out a prima facie case, on a general charge of negligence, yet if he charges specific acts of negligence, he will be required to prove such acts in order to recover. [Van Horn v. Transit Co., 198 Mo. 481, 95 S. W. 326; Hamilton v. Railroad, 114 Mo. App. 504.] There is a long line of decisions in this State to the same effect. One of the specific allegations of negligence by plaintiff in his petition is that the wheels of the car were "broken, defective and unsafe." There was no evidence on other specific

charges of negligence. The plaintiff did introduce evidence, as we have seen, supporting that particular allegation, but he did not thereby make out a prima facie case under a general charge of negligence. Ordinarily he would have been entitled to go to the jury under any substantial evidence tending to support the specific allegation. But accompanying and a part of his proof was that wherein it was shown that the defect in the flange of the wheel was such as could not have been detected by any precaution. Every case contains two prime elements of law and fact. It is for the court to declare the law and the jury to apply the fact to the law. But when there is no controversy as to the fact and it stands admitted, the question is one of law alone for the court to determine. This was a case of law for the court. There could be and there was no dispute as to the facts, nor the credibility of the evidence, as the plaintiff vouched for its truth by introducing it and defendant by its demurrer admitting its truth also. It was therefore the duty of the court to declare the law of the case. And as the undisputed evidence showed the accident was unavoidable by the utmost precaution, the court very properly sustained defendant's demurrer to plaintiff's case.

Affirmed. All concur.